RAWLS, Judge.
Facts and interlocutory issues previously considered in this cause on appellate review are detailed in Florida Gas Company v. Spaulding, 243 So.2d 129 (Fla.1971), wherein the Supreme Court quashed the opinion of this Court in Florida Gas Company v. Spaulding, 226 So.2d 115 (Fla. App.lst 1969). In the case sub judice the Circuit Court of Duval County, Florida, pursuant to Florida Appellate Rule has certified the following two questions to this Court for our consideration:
1. Has the Department of Transportation, by incorporation of the foregoing provisions for indemnity in its standard specifications, waived for itself and its employees its governmental immunity from suit pursuant to Section 455.06, Florida Statutes, F.S.A., where the contractor’s liability for indemnification is covered by a policy of insurance issued to the contractor?
2. If the answer to the above is in the affirmative, do any of the foregoing indemnity provisions imposed upon the contractor by the standard specifications have the effect of indemnifying the Department of Transportation and its employees for their own negligence ?
We turn to the first question. Section 455.06(1) authorizes public officers to secure and provide for insurance to cover liability for damages on account of bodily or personal injuries and pay the premiums from any general funds appropriated. Subsection (2) clearly limits the waiver of sovereign immunity as follows: “In consideration of the premium [paid] at which such insurance may be written * * * that the insurer shall not be entitled to the benefit of the defense of governmental immunity. * * * ” The instant indemnity agreement is a minor provision of a contract concerned with the singular purpose of constructing a road. A public officer did not secure a policy of liability insurance; did not pay a premium for same; nor was an insurance contract issued to the State agency. As stated by the Supreme Court in Spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla. 1958), “ * * * the courts have consistently held that statutes purporting to waive the sovereign immunity must be clear and unequivocal. Waiver will not be reached as a product of inference or implication. The so-called ‘waiver of immunity statutes’ are to be strictly construed.” We do not construe the indemnity agreement entered into by Contractor Dickerson as being such “liability insurance” as is contemplated by the subject statute. Likewise, it is our conclusion that the subject agreement entered into by the Department of Transportation (formerly State Road Department) does not constitute such “liability insurance” as is contemplated by the cited statute.
As to the second question, it assumes facts which have not been determined; i.e., negligence on the part of employees of the State agency. Further, numerous Florida decisions have been cited by each party as controlling precedent for the question propounded. The trial court has the power to *697 adjudicate the question, the answer to which may be reviewed on appeal if desired. Chapman v. Slaff, 101 So.2d 413 (Fla.App.lst 1958).
As to the first question, the certificate is hereby granted, and the question certified is answered in the negative.
We decline to answer the second question.
It is so ordered.
JOHNSON, C. J., and CARROLL, DONALD K., J., concur.