334 So.2d 310 (1976)
UNITED GAS PIPELINE COMPANY, Appellant,
v.
GULF POWER COMPANY, Appellee.
Nos. S-9, S-10.
District Court of Appeal of Florida, First District.
June 10, 1976.
Rehearing Denied July 21, 1976.
*311 Patrick G. Emmanuel of Holsberry, Emmanuel, Sheppard, Mitchell & Condon, Pensacola, for appellant.
Bert H. Lane of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
RAWLS, Acting Chief Judge.
Hopefully, this is the epilog of this litigation. Noa and Richardson were killed as a result of a gas explosion during the course of their employment with Gulf Power Company. Full workmen's compensation benefits were paid by Gulf Power to the employees' widows. The widows sued United Gas as a third party tort-feasor, primarily upon the theory that it was negligent in failing to odorize the gas which it sold to Gulf Power in its natural state. United filed a third party amended complaint against Gulf Power seeking indemnity by reason of contractual provisions with United and contribution from United as a joint tort-feasor. Subsequent to a jury verdict in favor of the widows and against United, the trial court dismissed United's third party amended complaint.[1] Upon appeal this court stayed United's grievance as to dismissal of its third party amended complaint until disposition of United's appeal in the main suit between it and the widows. Upon consideration of United Gas Pipeline Company v. Noa,[2] we held that, under the facts of this case, Gulf Power had the sole duty to safely handle the volatile gas after taking delivery of that which it purchased and reversed the judgment rendered against United. Thus, at this stage, the instant questions became moot. The Supreme Court, in granting certiorari,[3] quashed our opinion with directions that the judgment be reinstated. So, the questions posed in the instant case immediately became viable. In the meantime, the Supreme Court was re-evaluating the *312 prohibition of contribution among joint tort-feasors doctrine in Lincenberg v. Issen,[4] and this court stayed further proceedings herein awaiting the Supreme Court's decision. After rendition of Lincenberg, oral arguments were again heard by the court in the instant case.

Contractual Indemnity
United predicates its claim for contractual indemnity upon its contract with Gulf Power which provided that gas would be delivered by United to Gulf Power in its natural state, i.e., unodorized. Two other applicable provisions of the contract are:
"VI.
"POSSESSION OF GAS

"Seller shall be in exclusive control and possession of the gas deliverable and responsible for any damage or injury caused thereby until the same shall have been delivered to Buyer, after which delivery Buyer shall be in exclusive control and possession thereof and responsible for any injury or damage caused thereby.
"VII.
"WARRANTY

"Seller warrants generally the title to all gas delivered, and agrees to indemnify Buyer from all suits, actions, debt, accounts, damages, costs, losses and expenses arising from or out of adverse claims of any or all persons to said gas or to royalties or charges thereon."
As the trial court cogently pointed out in the subject order:
"(4) Contract of indemnification to relieve parties of their own negligence are not looked upon with favor, and in order for such a contract to be construed as relieving a party of his own negligence, it must be clear and unequivocal. Where a contract contains no reference to indemnifying against negligence of the indemnitee, or other language indicating an intent to do so, the contract does not indemnify the indemnitee against losses resulting from his own negligence (Nat Harrison Associates, Inc. v. Florida Power and Light Company, 1964, Fla.App., 162 So.2d 298; Florida Power and Light Company v. Elmore, 1966, Fla.App., 189 So.2d 522)."[5]
United next argues that it is entitled to indemnification from Gulf Power, because Gulf Power's negligence was the primary cause of the damages sustained by the widows and cites cases upholding indemnification upon "active" and "passive" negligence theory.[6] Had our opinion in United Gas Pipeline Company v. Noa, supra, been sustained, United's position would be sound. But, as we read the Supreme Court's opinion in Noa v. United Gas Pipeline Company, supra, it imposed upon United, as a matter of law, a nondelegable duty to odorize the gas delivered to Gulf Power, the ultimate consumer.[7] Failure of United to odorize constituted active negligence on the part of United. The contractual provisions did not contemplate odorization of the gas by either party, so it cannot be said that Gulf Power was under any duty, contractual or lawful, to odorize the gas. The duty to odorize was legally *313 engrafted upon the contract by the decision of the Supreme Court and squarely placed upon the shoulders of United. It cannot be said, as a matter of law, that the subject injuries primarily resulted from a violation of a duty owed by Gulf Power to United. To so hold, under the facts of this case, would be to journey upon an excursion of "but for" hypothesis.

Contribution Among Joint Tort-feasors
This has been a most troublesome question in the court's deliberations. This record discloses active negligence on the part of Gulf Power which brings into consideration the doctrine of contribution among joint tort-feasors. In Liberty Mutual Insurance Co. v. Curtiss,[8] Judge Smith, speaking for this court, discussed the right of contribution among joint tortfeasors, viz:
"... That right is a consequence of the claimant having discharged a common liability shared by the tortfeasor from whom contribution is claimed. As stated by our Supreme Court in Lincenberg v. Issen, 318 So.2d 386, 390 (Fla. 1975), simple justice seems to require contribution by an obligor who is discharged of an obligation shared with but paid entirely or disproportionately by another. 1 Harper & James, Law of Torts § 10.2 at 718 (1956); Prosser, Law of Torts § 50 at 307, 309 (14th ed. 1971); 18 Am.Jur.2d Contribution § 33 (1965); 12 Uniform Laws Annotated, prefatory notes to Uniform Contribution Among Tortfeasors Act at 59, 60 (Master ed. 1975). The Georgia Act, whose general terms left many interstices for judicial bridging, has been interpreted by the Georgia Court of Appeals consistently with the same underlying principle. That court held, for example, that contribution cannot be required of a tortfeasor who, by reason of immunity of marriage or of workmen's compensation legislation, is not liable to the injured plaintiff. Southern Ry. Co. v. Brewer, 122 Ga. App. 292, 176 S.E.2d 665 (1970); Central of Ga. Ry. Co. v. Lester, 118 Ga. App. 794, 165 S.E.2d 587 (1969). When there is such an immunity, it may be said that the contribution claimant who paid the injured party did not thereby discharge a common obligation shared by the injured party's negligent spouse or employer. See also Baltimore Transit Co. v. Maryland, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460 (1955); Prosser, supra at 309, n. 75."
Pursuant to the provisions of the Florida Workmen's Compensation Act, Gulf Power has paid compensation benefits for the deaths of Noa and Richardson. The legislature has exerted herculean efforts to provide workmen's compensation benefits as the exclusive liability of an employer in lieu of his common law liability. We are not unaware of the Supreme Court's decision in Sunspan Eng. & Const. Co. v. Spring-Lock Scaffold Co.[9] There, the court, in affirming the trial court's order holding Florida Statute 440.11(1) unconstitutional as applied in that case, very carefully observed that it was not passing upon the "`no contribution among joint tort-feasors' rule". The Supreme Court, subsequently, in Lincenberg v. Issen, supra, in construing the Uniform Contribution Among Tortfeasors Act[10] enacted by the 1975 Florida Legislature, observed: "The Act further provides that the right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability... ." The Uniform Act[11] specifically provides: "... When two or more persons become jointly or severally liable in tort for the same injury... ." (emphasis *314 supplied) As is readily discerned, the Uniform Act contemplates a "common liability in tort".
The majority view, which we adopt, is that no right of contribution exists in favor of the third-person tort-feasor, because the workmen's compensation employer and the third person are not under a common liability to the injured or killed person, since the employer's liability is imposed, as well as limited, by the provisions of the Workmen's Compensation Act, while that of the third-person tort-feasor rests on the principles of negligence.[12]
The judgment appealed is AFFIRMED.
MILLS and SMITH, JJ., concur.
NOTES
[1] Although Gulf Power argues that the question of contribution was not properly raised, inasmuch as the third party amended complaint was dismissed without leave to further amend, it is apparent that the trial court considered and passed upon this point in its order dismissing the complaint, viz: "(6) That even if it may be inferred from the record of the evidence presented at the trial of the main suits of Noa and Richardson against United Gas Pipeline Company the jury could have concluded that Gulf Power Company was likewise guilty of negligence and was, therefore a joint tortfeasor with United Gas Pipeline Company, in the absence of a specific contract of indemnity, which the Court finds does not exist between United Gas Pipeline Company and Gulf Power Company, there can be no contribution as between said joint tortfeasors. Therefore, United Gas Pipeline Company cannot recover against Gulf Power Company any portion of the judgments rendered in the main suits herein."
[2] United Gas Pipeline Company v. Noa, 281 So.2d 377 (1 Fla.App. 1973).
[3] Noa v. United Gas Pipeline Company, 305 So.2d 182 (Fla. 1974).
[4] Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975).
[5] See also Improved Benevolent & Protected Order of Elks v. Delano, 308 So.2d 615 (3 Fla.App. 1975).
[6] Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (1 Fla.App. 1963); Maybarduk v. Bustamante, 294 So.2d 374 (4 Fla.App. 1974); and Armor Elevator Co., Inc. v. Elevator Sales & Service, Inc., 309 So.2d 44 (3 Fla. App. 1975).
[7] cf. Spaulding v. Florida Gas Company, 249 So.2d 695 (1 Fla.App. 1971).
[8] Liberty Mutual Insurance Co. v. Curtiss, 327 So.2d 82 (1 Fla.App. 1976).
[9] Sunspan Eng. & Const. Co. v. Spring-Lock Scaffold Co., 310 So.2d 4 (Fla. 1975).
[10] Florida Statute 768.31.
[11] Florida Statute 768.31(2) (a). See also Mieure v. Moore, First District Court of Appeal, 330 So.2d 546, opinion filed April 20, 1976, not yet reported.
[12] Annot., 53 A.L.R.2d 977, 985 (1957) states: "... [I]t has been held with almost complete uniformity that notwithstanding the existence of such legislation, a third-person tortfeasor is not entitled to contribution from an employer whose negligence concurred in causing an injury to, or the death of, an employee, where such injury or death are compensable under the applicable workmen's compensation act."