359 So.2d 427 (1978)
SEABOARD COAST LINE RAILROAD COMPANY, a Virginia Corporation, Appellant,
v.
Willie James SMITH, Henry McKinnon, West Robinson Fruit Company, Etc., and Travelers Insurance Company, Appellees.
SEABOARD COAST LINE RAILROAD COMPANY, a Virginia Corporation, Appellant,
v.
Ben BUTLER, Jr., and Edie Maie Butler, His Wife, Henry McKinnon, West Robinson Fruit Company, a Florida Corporation, and Travelers Insurance Company, Appellees.
Nos. 51650, 51649.
Supreme Court of Florida.
March 30, 1978.
As Corrected On Denial of Rehearing June 13, 1978.
William H. Davis of Giles, Hedrick & Robinson, Orlando, for appellant.
Janis M. Halker of Gurney, Gurney & Handley, Orlando, for appellees.
PER CURIAM.[*]
The primary question for decision here is the constitutionality of Section 440.11, Florida Statutes (1975),[1] insofar as it grants *428 immunity from suit for contribution by a third party tortfeasor to an employer under the Workmen's Compensation Act when negligence was a proximate cause of the damages suffered by the employee. Appellant also asserts that an employer who has paid benefits to an employee under the act and whose negligence and wanton misconduct was a proximate cause of the employee's injuries is jointly and severally liable in tort to a third party tortfeasor under Section 768.31, Florida Statutes (1975).[2] In addition, appellant also asserts that an active tortfeasor has a right to implied indemnification for lawful damages he has paid to an injured third party from a joint tortfeasor who was guilty of willful and wanton misconduct which contributed to the injuries.
We hold that the questioned statute (Section 440.11, Florida Statutes) is constitutional, that an employer is not liable in tort to a third party tortfeasor under Section 768.31, Florida Statutes, under the circumstances argued and that an active tortfeasor does not have a right to implied indemnification for damages he has paid to an injured third party from a joint tortfeasor who was guilty of willful or wanton conduct which contributed to the injuries.
An "employer" under the clear language of the Florida Workmen's Compensation Act is not liable to any third party tortfeasor on account of injury or death to his employees. The sole and total liability of such employer is that defined in the Act itself. Moreover, we find no constitutional infirmity because of the grant of immunity to such employer under Section 440.11, supra.
West Robinson Fruit Company, the employer, owned a bus in which its employees were being transported. The bus was involved in a collision with a train operated by Seaboard. The employees sued Seaboard as a third party tortfeasor. Seaboard filed a third party claim in the actions against West Robinson seeking contribution and implied indemnity against the driver of the bus, the employer and the insurance carrier. The basis of the claim for contribution was 768.31, Florida Statutes, (the Uniform Contribution Among Tortfeasors Act), the constitutionality of which was raised insofar as it failed to require liability in accordance with fault. It is from the ultimate order of the trial court dismissing the third party actions against the employer and holding the statutes constitutional against the challenge made, that this appeal is prosecuted.
Initially, it is pertinent to observe that there is a clear distinction between the common law right of indemnity and the present, and relatively new, remedy of contribution. This distinction is highly pertinent in the consideration of the equal protection argument of appellant. Indemnity  or the right to assert it  is founded on express or implied contract, upon the breach of some duty owed the party seeking indemnity by the underwriter or upon the character of the conduct as between the two.[3]
Contribution was unknown to the common law. It is a statutory recognition *429 of the common liability of multiple tortfeasors to the injured party. The statute provides for a distribution of that liability among the wrongdoers. In contrast to indemnity, contribution does not rest on the legal relationship between the tortfeasors.[4]
The Workmen's Compensation Act, by its express terms, replaces tort liability of the employer with strict liability for payment of the statutory benefits without regard to fault. An employer under this Act is not liable in tort to employees by virtue of the express language of the Act. Such immunity is the heart and soul of this legislation which has, over the years been of highly significant social and economic benefit to the working man, the employer and the State. And, whether the injury to the employee is caused by "gross negligence", "wanton negligence", "simple negligence" passive or active, or no negligence at all of the employer, is of no consequence. There is no semblance of suggestion in these statutes that the Legislature intended to make any distinction in degrees of negligence so far as the employer's immunity is concerned and we see no reason or logic in any distinction. Section 440.11, supra, precludes an employer from being designated a person "jointly or severally liable in tort for the same injury to person or property" as used in the contribution act. This provision seems to be supported by the great weight of authority.[5]
The key words of the contribution act are "common liability" to the employee. Such "common liability" cannot exist where the employer is immunized from liability by the Compensation Act for tort. In United Gas Pipeline Company v. Gulf Power Company, 334 So.2d 310 (Fla. 1st DCA 1976), that court observed:
"The legislature has exerted herculean efforts to provide workmen's compensation benefits as the exclusive liability of an employer in lieu of his common law liability." p. 313
We have heretofore said, and repeat here, that indemnity is bottomed on entirely different considerations from contribution. The latter arises only where there is a common tort liability to the injured person.
We have considered the suggestion of appellant's counsel that we should construe these acts as he contends because the immunity theory is inconsistent with the notion of liability in accordance with fault as suggested in the Hoffman and Licenberg cases.[6] We decline to do this simply because, in the final analysis, these statutes we have discussed here so clearly and concisely prohibit that course. We will nothing  ours is the responsibility to construe and interpret. But, as here, where the answers are found in the statutes, it is unnecessary to do more than point that out.
As to the constitutional challenge of Section 440.11, as set forth above, we adopt as ours the views expressed in Coates v. Potomac Electric Power Co., 95 F. Supp. 779 (D.D.C. 1951), with reference to the Federal counterpart of our Workmen's Compensation Act, when the Federal employer immunity was challenged as against the due process clause because the tort liability immunity precluded a third party tortfeasor from obtaining contribution from a negligent employer, as follows:
"[3, 4] Enactment of the Longshoremen's and Harbor Workers' Compensation Act has been held a valid exercise of the constitutional authority of the Congress ...
[5] ... by the holding that the Gas Company is lifted from the category *430 of joint tort-feasor by § 905, Potomac Electric is deprived of the right to contribution which it otherwise might have claimed. However, the right to contribution is not a vested right on which legislation may not impinge ... liability in tort is several not joint, however many participate in inflicting the wrong and whether they act separately or in conjunction. Tort-feasors come severally into court, however, many may be brought together, and each is bound to the injured person separately and for the full injury... .
In a case where the employer has paid compensation under the Act, a balancing of the equities does not require allowance of contribution. The Longshoremen's Act substitutes for the employer's common law liability for damages to an injured employee an absolute duty to pay the prescribed compensation, broadening his duty to pay compensation to include injuries for which he otherwise would not be required to respond, ... `To impose a noncontractual duty of contribution on the employer is pro tanto to deprive him of the immunity which the statute grants him in exchange for his absolute, though limited, liability to secure compensation to his employees.' .. ." Pages 782, 783.
We are not persuaded by appellant's argument that an active tortfeasor has a right to indemnification for lawful damages he has paid to an injured third party from a joint tortfeasor guilty of wanton or willful misconduct which contributed to the injuries, where, as here, the third party tortfeasor was an "employer" under the Florida Workmen's Compensation Act. We have heretofore stated that we find no basis for applying different degrees of negligence in determining liability under such circumstances. But, appellant urges, equitable principles should apply to the rule of indemnity in these cases and cite as authority Stuart v. Hertz Corporation, 302 So.2d 187 (Fla. 4th DCA 1974). This case was considered by us on certiorari granted and we rejected the equitable argument in favor of indemnification and also, in that case, dwelt at length on the difference between contribution and indemnity.[7]
We find no error in the judicial act of the trial court in dismissing the third party claim of Seaboard against West Robinson for indemnity or contribution.
Affirmed.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[*] The following opinion and judgment by Drew, J. (Ret.), prepared prior to his death on February 9, 1978, is hereby adopted as the opinion and judgment of this Court.
[1] The pertinent language of Sec. 440.11 is as follows:

"(1) The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to any third party tortfeasor and to the employee, ... on account of such injury or death, ..."
[2] The pertinent language of § 768.31 is as follows:

"(a) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability."
[3] Mims Crane Service, Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla. 2nd DCA 1969) (contract); Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932) (duty); Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla. 1st DCA 1963) (active-passive negligence).
[4] For a thorough analysis of the differences in indemnity and contribution, see Ianire v. University of Delaware, 255 A.2d 687 (Del.Super. 1969).
[5] Kamali v. Hawaiian Electric Co., Inc., 54 Hawaii 153, 504 P.2d 861 (1972); Ianire v. University of Delaware, supra footnote 4; Farren v. New Jersey Turnpike Authority, 31 N.J. Super. 356, 106 A.2d 752 (1954); Baird v. John McShain, Inc., 108 F. Supp. 553 (D.D.C. 1952); Baltimore Transit Co. v. State, 183 Md. 674, 39 A.2d 858 (1944); Cacchillo v. H. Leach Machinery Company, 111 R.I. 593, 305 A.2d 541 (1973). Also see Annotation 53 A.L.R.2d 977 (1957); 156 A.L.R.2d 467 (1945).
[6] Hoffman v. Jones, 280 So.2d 431 (Fla. 1973); Licenberg v. Issen, 318 So.2d 386 (Fla. 1975).
[7] Frank M. Stuart, M.D., P.A., and Underwriters at Lloyds v. The Hertz Corporation, George Holbrook, Individually and as father and next friend and guardian ad litem of Stafford Holbrook, a minor, 351 So.2d 703 (1977).