PER CURIAM.
The City of Miami appeals from an adverse declaratory judgment entered below ordering it to indemnify two of its employees held liable on a tort judgment. The employees sued each other for simple negligence based on an automobile accident arising out of and in the course of their employment with the City of Miami as police officers.[1] The employees had duly received worker’s compensation benefits from the City of Miami on said accident. Neither employee sued, and admittedly could not have sued, the City of Miami in this negligence action as same was barred by the City’s worker’s compensation immunity. § 440.11(1), Fla.Stat. (1977). The employees, instead, chose litigation choice # 3 as stated in District School Board of Lake County v. Talmadge, 381 So.2d 698, 703 (Fla.1980), to wit: a suit against the other “employee alone, without invoking section 768.28, under traditional legal principles regarding tort actions against public employees,” Id. at 703, and rejected litigation choices # 1 and # 2 under Talmadge, supra, which would have made the City a party defendant in the action under Section 768.28, Florida Statutes (1979). As the City of Miami was not and could not be a party to this action, it plainly follows that it cannot be held liable on the judgment entered in the action. See also Seaboard Coastline R. Co. v. Smith, 359 So.2d 427 (Fla.1978).
We, accordingly, reverse the declaratory judgment under review and remand to the trial court with directions to enter a declaratory judgment stating that the City of Miami has no legal obligation to pay on the tort judgment entered against the said employees in this cause. We, also, reverse the order of equitable distribution entered in this cause and under review by this appeal, as the City of Miami was not entitled to any worker’s compensation distribution payment herein. We, also, dismiss the appeal by the City of Miami as to the tort judgment entered in this cause as the City had no standing to appeal said judgment.
Reversed and remanded.

. Parenthetically, it should be noted that this suit could not be brought in the future as Section 440.11(1), Florida Statutes (1977) — the statute applicable to the accident in this cause — was amended effective July 1, 1979, to give worker’s compensation immunity “to each employee of the employer when such employee is acting in furtherance of the employer’s business and the injured employee is entitled to receive benefits under this chapter.” § 440.-11(1), Fla.Stat. (1979). This amendment, however, applies only to claims for injury arising out of accidents occurring on or after July 1, 1979. Ch. 79-40, § 127, Laws of Fla. As the accident in the instant case occurred prior to July 1, 1979, the amendment was inapplicable to the instant case and the suit herein was properly entertained in the trial court.