Richard Eugene PRATHER and Brenda
Prather, Plaintiffs,

v.

The UPJOHN COMPANY, Defend-
ant/Third-Party Plaintiff,

v.

UNITED STATES of America,
Third-Party Defendant.

No. MCA 81–0211–RV.

United States District Court,
N.D. Florida,
Panama City Division.

Feb. 15, 1984.

Charles J. Kahn, Jr. of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, Fla., for plaintiffs.

John A. Bussian, III of Morgan, Lewis & Bockius, Miami, Fla., for Upjohn.

Jay Tidmarsh, U.S. Dept. of Justice, Trial Atty., Tort Branch, Washington, D.C., for USA.

## ORDER

VINSON, District Judge.

This order will dispose of the following motions: the Government's motions to strike and to dismiss the third party complaint (doc. 79) and the Government's motion for a protective order (doc. 88).

Careful consideration of the Government's motions and the various responses thereto indicates that: first, the Government alleges that the third-party complaint be struck pursuant to Rule 14(a), Federal Rules of Civil Procedure, because it lacks merit and will cause undue delay in the resolution of this case; and second, the Government moves for dismissal under Rule 12(b), Federal Rules of Civil Procedure, for failure to allege facts which would entitle Upjohn (third-party plaintiff) to either contribution or indemnity.

The court finds that third-party defendant's motion to strike is without merit and, accordingly, is hereby DENIED. The Government's Rule 12(b) arguments, however, mandate further consideration and are discussed below.

## I. CONTRIBUTION

■ Florida's law on contribution is governed by Section 768.31, *Florida Statutes* (1983), which provides that:

(2)(a) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

The Government (third-party defendant) claims that since the employee (plaintiff) is forever barred from bringing a tort action against the Government (employer) [because plaintiff is a recipient of workmen's compensation benefits (FECA)], the Government can never be liable to the plaintiff and, therefore, can never be "jointly liable" as required by the Florida Contribution Statute set out above.

In its memo in opposition to the Government's motion to dismiss (doc. 82), Upjohn, the third-party plaintiff, challenges the Government's argument as it pertains to both contribution and indemnity by citing the recent Supreme Court decision of *Lockheed v. U.S.*, 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983).

The *Lockheed* case addressed the issue of whether the FECA's "exclusive liability" provision [5 U.S.C. § 8116(c)] precludes the rights of unrelated third parties to bring a suit against the United States (employer) for indemnity. The Supreme Court held that the terms of Title 5, *United States Code*, Section 8116(c), do not prevent an unrelated party, such as the manufacturer, Upjohn, here, from recovering indemnity from the United States if such recovery is permissible under applicable state law.

Contrary to Upjohn's allegations, however, *Lockheed* does not automatically entitle Upjohn to bring an indemnity or contribution action against the United States. The holding in *Lockheed* only applied to indemnity. Further, it was undisputed that Lockheed had a right to indemnity under the governing substantive law. The only issue in the *Lockheed* case was whether that right could be asserted against the United States. Assuming that *Lockheed* applies to both contribution and indemnity, it is necessary in this case to look at the Florida substantive law in each instance.

As to contribution, the proper application of *Lockheed* to this case requires an interpretation of the governing substantive law, the Florida Contribution Among Tortfeasors Act, Section 768.31, *Florida Statutes* (1983). Florida courts have adopted the view that notwithstanding the provisions of the Contribution Among Tortfeasors Act, third person tortfeasors are not entitled to contribution from an employer, where such injury or death was compensable under the applicable workmen's compensation act. *Seaboard Coast Line Railroad Co. v. Smith*, 359 So.2d 427 (Fla.1978); *United Gas Pipeline Co. v. Gulf Power Co.*, 334 So.2d 310 (Fla. 1st D.C.A., 1976), *cert. den.* 341 So.2d 1086 (Fla.1976).

The rationale for such denial is articulated in the *United Gas Pipeline Co.* case, *supra.*:

■ The majority view, which we adopt, is that no right of contribution exists in favor of the third-person tortfeasor, because the workmen's compensation employer and the third person are not under a common liability to the injured or killed person, since the employer's liability is imposed, as well as limited, by the provisions of the Workmen's Compensation Act, while that of the third-person tort-feasor rests on the principles of negligence. 334 So.2d at 314.

Similarly, the Supreme Court said, in *Seaboard Coast Line, supra.*:

The key words of the contribution act are "common liability" to the employee. Such "common liability" cannot exist where the employer is immunized from liability by the Compensation Act for tort. 359 So.2d at 429.

The Supreme Court also quoted, with approval, from the United States District Court for the District of Columbia's opinion in *Coates v. Potomac Electric Power Co.*,

**114**

95 F.Supp. 779 (D.D.C.1951), with reference to the federal counterpart to the Florida Workmen's Compensation Act. *See,* 359 So.2d at 429–30.

It is clear to this court that Florida law prohibits contribution from the workmen's compensation employer to a third-party tort-feasor. Further, there can be no distinction between the Florida Workmen's Compensation Act and the Federal Employees' Compensation Act, for the intended purpose of each is the same. More importantly, both provide that the respective Act's compensation remedy is "exclusive." [*Compare* 5 U.S.C. § 8116(c) *with* § 440.11, *Fla.Stat.*] Therefore, this court finds that, under Florida law, no right to contribution exists in favor of Upjohn against the United States because the parties cannot be "jointly or severally" liable as required by Section 768.31, *Florida Statutes* (1983).

Accordingly, the United States' motion to dismiss under Rule 12(b) for failure to state a cause of action for contribution is hereby GRANTED and Count II of the third-party complaint is hereby dismissed.

## II. INDEMNITY

As previously observed, *Lockheed* held that the exclusive liability provision of the Federal Employees Compensation Act does not directly bar a third-party indemnity action against the United States. To determine whether Upjohn is entitled to indemnity in this case, however, the court must also look to Florida substantive law. There is no Florida statute on the subject, and it is entirely a matter of Florida common law.

The leading Florida case on indemnity is *Houdaille Industries, Inc. v. Edwards,* 374 So.2d 490 (Fla.1979). *Houdaille* held that:

[A]bsent a special relationship between the manufacturer and the employer which would make the manufacturer only vicariously, constructively, derivatively, or technically liable for the wrongful acts of the employer, there is no right of indemnification on the part of the manufacturer against the employer. 374 So.2d at 492.

It is important to note that *Houdaille* does not specifically find that a special relationship can never exist between a manufacturer and employer. In fact, a careful reading of *Houdaille* indicates that the court does recognize that this "special relationship" may exist, but it must be in a situation "where the *whole* fault is in the one against whom indemnity is sought." 374 So.2d at 493. [Citing to *Stuart v. Hertz Corporation,* 351 So.2d 703 (Fla.1977)]. Moreover, it is not necessary to weigh the relative fault of the tortfeasor. Consequently:

[W]hen determining whether, a party is entitled to indemnity, we will not weigh the relative fault of the parties, but rather we will look to the party seeking indemnity to determine whether he is without fault. In making this particular determination, it is immaterial whether the one against whom indemnification is sought is also with fault." 374 So.2d at 493.

As the foregoing discussion indicates, the issue of whether an action for indemnity will lie depends upon the basis of liability of the party seeking indemnity. It is not a matter that can be subject to a Rule 12(b) motion to dismiss at this stage of this proceeding. If the defendant Upjohn is not liable to the plaintiff, then an indemnity action will not lie. Similarly, if Upjohn is liable to the plaintiff and is at fault in any way, then an indemnity action will not lie. Upjohn's indemnity claim can only be maintained if it is liable to the plaintiff, but wholly without fault. It is necessary, therefore, to proceed with the action between plaintiff and defendant before the indemnity action can be resolved. Accordingly, the Government's motion to dismiss will be held in abeyance, and all proceedings against the Government as third-party defendant shall be stayed until the completion of the trial between the original parties, at which time the court will consider the Government's motion to dismiss Count I of the third-party complaint. Unless dismissed pursuant to the Government's motion, this claim for indemnity shall be tried

separately, pursuant to Rule 42(b), Federal Rules of Civil Procedure.

The Government shall remain a party to this cause and the Government's motion for a protective order is hereby DENIED.