589 F.Supp. 1571 (1984)
In re ALL MAINE ASBESTOS LITIGATION (PNS CASES).
United States District Court, D. Maine.
July 6, 1984.
*1572 G. William Higbee, Brunswick, Me., Thomas W. Henderson, Pittsburgh, Pa., William A. Mulvey, Jr., James G. Noucas, Jr., Mark F. Sullivan, Portsmouth, N.H., Lawrence C. Winger, Portland, Me., Melvin I. Friedman, Kreindler & Kreindler, New York City, Dan W. Thornhill, Kittery, Me., Ira A. Levy, P.C., Newark, N.J., Michael P. Thornton, Boston, Mass., Donald G. Lowry, Lowry & Platt, Portland, Me., for plaintiffs.
Peter L. Murray, Thomas C. Newman, Portland, Me., for Amchem Products, Inc.
Harrison L. Richardson, Jeffrey Thaler, Thomas Getchell, Portland, Me., for Armstrong World.
M. Roberts Hunt, Glenn Robinson, Portland, Me., for Celotex Corp.
C. Alan Beagle, Portland, Me., for Combustion Engineering.
Theodore H. Kurtz, South Paris, Me., for Congoleum.
Frederick C. Moore, Portland, Me., for Cummings Insulation and Claremont Co., Inc.
*1573 John R. Linnell, Auburn, Me., for Eagle-Picher Industries.
Thomas Schulten, Portland, Me., for Eastern Refractories.
U. Charles Remmel, Portland, Me., for Fibreboard Corp.
Jack H. Simmons, Lewiston, Me., for Forty-Eight Insulations.
Jotham D. Pierce, Jr., Daniel Emery, Portland, Me., for G.A.F. Corp.
George F. Burns, Portland, Me., for Garlock, Inc.
Phillip D. Buckley, Bangor, Me., for Johns-Manville.
Thomas F. Monaghan, Kevin G. Libby, Deborah J. Ross, Portland, Me., for Keene Corp.
Arthur A. Cerullo, Portland, Me., for National Gypsum.
John J. Flaherty, Christopher D. Nyhan, Jonathan S. Piper, Portland, Me., for Nicolet, Inc.
Nicholas S. Nadzo, John Montgomery, Portland, Me., for Owens-Corning Fiberglas.
Peter J. Rubin, Linda Monica, Portland, Me., for Owens-Illinois.
John A. Mitchell, James G. Goggin, Portland, Me., for Pittsburgh Corning.
Charles H. Abbott, Steven Wright, Lewiston, Me., for H.K. Porter Company and Southern Textile Co.
Thomas R. McNaboe, Mark G. Furey, Portland, Me., for Raymark, Inc.
Randall E. Smith, Saco, Me., for J.P. Stevens & Co.
Robert F. Hanson, Mark G. Lavoie, Portland, Me., for Bath Iron Works Corp.
Paula D. Silsby, Asst. U.S. Atty., Portland, Me., Harold J. Engel, Asst. Dir., S. Michael Scadron, Trial Atty. and Joseph B. Cox, Jr., Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C., for United States of America.
Peter W. Culley, Stephen C. Whiting, Portland, Me., for Scott Paper Company & Fels Co. & Bendix.
Philip K. Hargesheimer, Roger J. O'Donnell, Platz & Thompson, Lewiston, Me., for Flintkote Co.
Robert E. Hirshon, Portland, Me., for Standard Asbestos Mfg.

SUPPLEMENTAL OPINION AND ORDER OF THE COURT
GIGNOUX, Senior District Judge.
In its opinion and order dated February 23, 1984, the Court granted the motion of the United States to dismiss, or for summary judgment on, all but one of the counts in the third-party complaint for contribution and/or indemnification filed by defendants against the United States (Model Third-Party Complaint B) in each of the asbestos-related actions filed in this Court by present and former employees, and the representatives of deceased employees, at Portsmouth Naval Shipyard (PNS). See In re All Maine Asbestos Litigation, 581 F.Supp. 963, 980-81 (D.Me.1984). In that opinion, the Court reserved decision on so much of the United States' motion as sought dismissal of Count VI of Third-Party Complaint B, a count which seeks noncontractual indemnification and/or contribution from the United States based upon breach of duties allegedly owed to plaintiffs by the United States in its capacity as the owner of naval vessels at PNS. The Court deferred ruling on this aspect of the United States' motion until disposition of a then pending motion for reconsideration of its opinion in Austin v. Johns-Manville Sales Corp., 508 F.Supp. 313 (D.Me.1981), a decision upon which the United States had relied heavily in urging dismissal of Count VI of Third-Party Complaint B. In Austin, the Court had held that section 905(a) of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(a), barred the third-party claims asserted against Bath Iron Works (BIW) by the defendant asbestos manufacturers. Id. at 315-16. On March 9, 1984, being persuaded that Austin was inconsistent with the subsequent decision of the United States Supreme Court in Lockheed Aircraft Corp. v. United States, 460 U.S. 190, *1574 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983), the Court vacated its Austin decision. See In re All Maine Asbestos Litigation (BIW Cases), 589 F.Supp. 1563, 1570 (D.Me. July 5, 1984) (App. A).
The issues presented by the motion to dismiss Count VI of Third-Party Complaint B have now been fully briefed and argued. The relevant factual background and procedural posture are set out in this Court's previous opinion. See In re All Maine Asbestos Litigation, 581 F.Supp. 963. For the reasons to be stated, the Court has concluded that the motion must be denied.

I.
It is undisputed that the PNS employees and deceased employees in these cases were covered by the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 et seq., and that they are barred from suing the United States as their employer by FECA's exclusive liability provision, 33 U.S.C. § 8116(c). In Lockheed, the Supreme Court held that "FECA's exclusive liability provision, 5 U.S.C. § 8116(c), does not directly bar a third-party indemnity action against the United States." 460 U.S. at 199, 103 S.Ct. at 1038. Contrary to defendants' contention, however, Lockheed did not affirmatively confer upon third parties an indemnity or contribution remedy against the United States.[1] Rather, the Court made clear that recourse must be had to the "governing substantive law." Id.; see Prather v. The Upjohn Co., 585 F.Supp. 112, 113 (N.D.Fla. Feb. 15, 1984).
In these cases, jurisdiction over Count VI of Third-Party Complaint B is predicated on the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. Determination of whether under the governing substantive law defendants may sue the United States for indemnity or contribution in its capacity as a vessel owner at PNS therefore must begin with analysis of the provisions of the FTCA.

II.
The FTCA subjects the United States to liability only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); see also 28 U.S.C. § 2674.[2] The liability of the United States depends upon whether a private person in like circumstances would be liable under state law. United States v. Muniz, 374 U.S. 150, 153, 83 S.Ct. 1850, 1852, 10 L.Ed.2d 805 (1963); Brooks v. A.R. & S. Enterprises, Inc., 622 F.2d 8, 10 (1st Cir.1980); Lambertson v. United States, 528 F.2d 441, 444 (2d Cir.), cert. denied, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976). Thus, in determining whether the United States is subject to liability under the FTCA for contribution or indemnity on a theory of vessel-owner negligence, this Court must look to the law that a Maine court would apply in analogous circumstances.

III.
The Court agrees with the United States that its status at PNS is analogous to that of a compensation-paying private shipyard employer in Maine. Such an employer would be covered by the Maine Workers' Compensation Act (the Maine Act), 39 Me.Rev.Stat.Ann. § 1 et seq. (1978 & Supp.1983-84). Section 4 of the Maine Act, 39 Me.Rev.Stat.Ann. § 4 (Supp.1983-84), as interpreted by the Maine Court, provides a covered employer with immunity from third-party claims for noncontractual contribution or indemnity arising from *1575 work-related injuries to its employees. McKellar v. Clark Equipment Co., 472 A.2d 411, 416 (Me.1984); Roberts v. American Chain & Cable Co., 259 A.2d 43, 51 (Me.1969). This Court has recently held that BIW, a compensation-paying private shipyard employer in Maine, is immunized by Section 4 from such third-party suits brought against it as an employer. In re All Maine Asbestos Litigation (BIW Cases), 589 F.Supp. 1563 (D.Me. July 5, 1984). Since the FTCA subjects the United States only to analogous private liability, the United States enjoys the immunity provided by Section 4 of the Maine Act to a compensation-paying private shipyard employer from third-party suits for noncontractual contribution or indemnity brought against it in its capacity as an employer. See Lambertson v. United States, 528 F.2d at 444 ("if the state would look to a state ... statute in determining the liability of a private person for the tort in question, the same statute will be applied in measuring the conduct of the government."); Prather v. The Upjohn Co., 585 F.Supp. at 113-114; Giannuzzi v. Doninger Metal Products, 585 F.Supp. 1306 (W.D.Pa.1984); see also Hess v. United States, 361 U.S. 314, 315, 319, 80 S.Ct. 341, 343, 345, 4 L.Ed.2d 305 (1960).
Count VI of Third-Party Complaint B does not, however, assert a claim against the United States in its capacity as an employer, but in its capacity as a vessel owner. The authorities are unclear as to whether the immunity granted an employer by a workers' compensation act protects the employer from liability for employee suits brought against it in some other capacity. See generally 2A A. Larson, The Law of Workmen's Compensation §§ 72.80  72.84 (1983). No Maine authority known to this Court indicates whether the Maine courts would recognize this so-called "dual capacity" doctrine. Consequently, it cannot be known whether section 4 of the Maine Act protects a compensation-paying employer-vessel owner from a third-party suit arising from an injury to an employee and brought against the employer in its capacity as a vessel owner.

IV.
The United States argues that even if section 4 of the Maine Act does not immunize it from third-party claims brought against it as a vessel owner, maritime law does not permit the third-party claims here asserted. It makes a rather elegant argument in support of this position, dealing separately with the indemnity and contribution claims.
The United States argues, first, that the claims for noncontractual indemnity will not lie because the plaintiffs in the primary actions seek recovery from defendants for only active fault, while maritime law will award indemnity only to a party passively at fault. See White v. Johns-Manville, 662 F.2d 243, 249 (4th Cir.1981); Glover v. Johns-Manville, 662 F.2d 225, 229 (4th Cir. 1981).
The United States contends, second, that the claims for contribution cannot be maintained because joint tortfeasor liability is required to support a contribution claim in a noncollision admiralty case. See Cooper Stevedoring Co. v. Kopke, Inc., 417 U.S. 106, 115, 94 S.Ct. 2174, 2179, 40 L.Ed.2d 694 (1974); Griffith v. Wheeling Pittsburgh Steel Corp., 521 F.2d 31, 44 (3d Cir.1975), cert. denied, 423 U.S. 1054, 96 S.Ct. 785, 46 L.Ed.2d 643 (1976). Cf. Weyerhauser Steamship Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963). It alleges that there can be no joint tortfeasor liability between it and defendants because plaintiffs are barred by section 8116(c) of FECA from bringing suit against the government in any capacity, including its status as a vessel owner. See Patterson v. United States, 359 U.S. 495, 496, 79 S.Ct. 936, 937, 3 L.Ed.2d 971 (1959); Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); Johnson v. United States, 402 F.2d 778, 779 (5th Cir.), cert. denied, 394 U.S. 930, 89 S.Ct. 1195, 22 L.Ed.2d 459 (1969).
The Court cannot accept the United States' argument. Each aspect of the argument contains a fatal flaw. First, the United States has not shown that the claims asserted by plaintiffs in each of *1576 these individual actions are limited to allegations of active fault. The argument that the indemnity claims are barred by the maritime active/passive doctrine is dependent upon such a showing.
Second, the Johansen/Patterson line of cases is inapposite to the third-party contribution claims asserted by the defendant manufacturers in these cases. The relevant inquiry under the FTCA must be as to whether a private shipyard employer in Maine would be subject to liability to its employees for negligence in its capacity as a vessel owner. Such a private shipyard would not be protected by the Johansen/Patterson doctrine because the shipyard would not be covered by the FECA. Indeed, by reason of section 905(b) of the LHWCA, a private shipyard employer-vessel owner would be subject to liability to its employees for negligence in its capacity as a vessel owner. Jones & Laughlin Steel Corp. v. Pfeiffer, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983). The argument of the United States that defendants' third-party claims for contribution are barred by maritime law because there can be no joint tortfeasor liability between it and defendants therefore fails.

V.
The viability of defendants' third-party claims against the United States in its capacity as a vessel owner thus turns on whether the Maine courts would apply the dual capacity doctrine in these circumstances and hold that section 4 of the Maine Act does not protect a compensation-paying private employer from a third-party claim for noncontractual indemnity or contribution brought against it in its capacity as a vessel owner. Since the Supreme Judicial Court of Maine has not spoken to this question, and courts in other jurisdictions have not been consistent in applying the dual capacity doctrine, see 2A A. Larson, The Law of Workmen's Compensation §§ 72.80-72.84, the Court deems it appropriate at this time to deny the United States' motion to dismiss Count VI, and, upon its own motion or upon request of a party at the close of trial, to consider certifying the question to the Supreme Judicial Court of Maine pursuant to Me.R. Civ.P. 76B. The Maine Court has made clear that such a certification should be made only on a complete record. See Hiram Ricker & Sons v. Students International Meditation Society, 342 A.2d 262 (Me.1975); White v. Edgar, 320 A.2d 668 (Me.1974); In re Richards, 223 A.2d 827 (Me.1966).

VI.
In accordance with the foregoing, IT IS ORDERED that the United States' motion to dismiss or for summary judgment on Count VI of Model Third-Party Complaint B is DENIED.
NOTES
[1] Although in Lockheed the Supreme Court was concerned only with a third-party indemnity claim, it is clear that the holding is equally applicable to a third-party contribution claim. See Johns-Manville Sales Corp. v. United States, No. C-81-4561, slip op. at 10, (N.D.Cal. Jan. 6, 1984), reprinted in Asbestos Litigation Reporter 7,721, 7,724 (Jan. 20, 1984); see also Prather v. The Upjohn Co., 585 F.Supp. 112, 113 (N.D.Fla. 1984).
[2] Section 2674 provides in relevant part:

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.