**FISHERMEN'S NET, INC., et al., Plaintiffs,**

v.

**Stephen R. WEINER, et al., Defendants.**

Civ. No. 84–0347 P.

United States District Court, D. Maine.

May 21, 1985.

Jeffrey D. Curtis, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for plaintiffs.

Michael A. Nelson, Jensen Baird Gardner & Henry, Portland, Me., for defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

Plaintiffs in this case operate a seafood restaurant in space leased from Defendants at the Maine Mall. In addition to leasing space for their business, Plaintiffs also agreed under the lease to pay for, and did pay for, common area seating in the Food Court of the Mall, promotional and advertising services, and decorations for the Mall. In Counts I, II and III Plaintiffs seek declaratory relief, rescission of the lease and damages, alleging that Defendants violated various provisions of both the Maine Business Opportunities Act, 32 M.R.S.A. §§ 4691–4700–B, and the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 206–214.

Defendants moved for summary judgment on Counts I and III on the grounds, *inter alia,* that the Maine Business Opportunities Act does not apply to shopping center leases which also include charges for services and other items. In his Recommended Decision, the United States Magistrate indicated, without deciding, that he thought the Act did not apply. Instead, he determined that even if the Act did apply, it provides no private right of action for Plaintiffs, either express or implied. Thus, he concluded that no damages are available. Because Plaintiffs have no private right of action under the Business Opportunities Act, the Magistrate also found that they were not entitled to declaratory relief under that statute. The Magistrate, therefore, recommended that summary judgment be granted in favor of Defendants on Counts I and III. He also found that Plaintiffs had no private right of action under the Maine Unfair Trade Practices Act and was, therefore, not entitled to the declaratory relief sought in Count II.

The case is before the Court on Plaintiffs' objections to the Recommended Decision of the Magistrate.

█ The Business Opportunities Act requires all sellers of business opportunities, except those maintaining a permanent place of business in Maine, to obtain either a surety bond or an escrow account of at least $30,000. 32 M.R.S.A. § 4695. Section 4695 also provides that any person who is damaged by a violation of any provision of this chapter may bring an action against the bond or escrow account to recover damages suffered. Defendants in this case are exempt from the bond or escrow requirement because they maintain a permanent place of business in Maine. The Magistrate found that the statute provided an express right of action only against Defendants who have established an escrow account or a surety bond. He declined to imply a right of action when no bond or escrow is available, finding an already comprehensive remedial scheme and no plain language or legislative history suggesting that the Legislature intended such an action.

The Magistrate correctly performed his analysis of the private right of action issue. *See Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 101 (Me.1984). The result he reached, however, makes little sense when examined in the context of the whole statute, for it distinguishes between plaintiffs on no other basis than whether or not plaintiff's seller happens to have its permanent place of business in Maine, allowing damages only to those plaintiffs suing out-of-state defendants for injuries caused by violation of the Act. The Court suspects that the statute is poorly drafted. The cognitive dissonance engendered by the Magistrate's result, however, is enough to prompt the Court to let the Maine courts be the first to construe this as yet unexplained legislation.

Since the Court cannot agree definitively with the Magistrate that there exists no private right of action for plaintiffs like the instant one, who are suing in-state sellers who have not established a bond or escrow, it is necessary to determine whether the Business Opportunities Act applies to shopping center leases which contain provisions for equipment and services in addition to the leased space. This, also, is a question which has not yet been addressed by the Maine courts. The language of the statute is ambiguous and the parties strenuously disagree as to the Legislature's intent in enacting it. Because this issue could have a broad impact, affecting many segments of Maine's economy, the Court thinks that its resolution is best left to Maine's highest court.

The Law Court has made clear that certification of questions of Maine law by this Court should be made only on a complete record. *See White v. Edgar*, 320 A.2d 668 (Me.1974); *In re Richards*, 223 A.2d 827 (Me.1966). The Court, therefore, will deny Defendants' Motion for Summary Judgment on Counts I and III. Upon its own motion, or upon request of a party at the close of trial, the Court will consider certifying to the Law Court the question of the applicability of the Maine Business Opportunities Act to shopping center leases like Plaintiffs'. *See In re All Maine Asbestos Litigation*, 589 F.Supp. 1571 (D.Me.1984). If necessary at that time, the Court will also ask the Law Court to determine whether a private right of action exists under that statute against in-state sellers who do not have the statutorily required surety bonds or escrow accounts.

█ In Count II Plaintiffs seek a declaratory judgment that Defendants have violated the Unfair Trade Practices Act. The Magistrate found that Plaintiffs were not entitled to declaratory relief because they had no private right of action under that statute. Plaintiffs argue that declaratory relief is available because they have a common law right to rescind a contract that is void, and that their lease with Defendants is void because it was effected in violation of the statute.[1] In seeking to

**1.** To the extent that Count II seeks declaratory relief based on the Business Opportunities Act

rescind the lease with Defendants as void, Plaintiff has alleged a protectable interest sufficient as the basis for declaratory relief. In *Lehigh v. Pittston*, 456 A.2d 355 (Me.1983), the Law Court affirmed a declaratory judgment that an option agreement was null and void, basing its affirmance on the grounds that the agreement both violated a federal statute and contravened public policy. *See also A.S. Abell Co. v. Chell*, 412 F.2d 712 (4th Cir.1969). Whether or not Defendants conduct actually violated the Unfair Trade Practices Act is a genuine issue of material fact. Therefore, summary judgment is inappropriate on this count.

Accordingly, on *de novo* review of the Magistrate's action, it is ORDERED that Defendants' Motion for Summary Judgment on Counts I, II and III be, and is hereby, DENIED.

So ORDERED.

and only derivatively on the Unfair Trade Practices Act, it is first necessary to know whether the Business Opportunities Act applies to leases of this sort. Therefore, summary judgment on this theory, too, must be denied and resolution of the issue of the availability of the requested declaratory relief must await certification of the predicate questions to the Law Court.