WOLF, Judge.
This is an appeal pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(C)(vi) from a nonfinal order of the circuit court denying third-party defendant, Walton Dodge’s, motion for summary judgment on the grounds that it is immune from liability pursuant to the workers’ compensation law, Florida Statute 440.11, on the claim for contribution by the third-party plaintiff, H.C. Hodges Cash & Carry, Inc. (Hodge’s Cash & Carry).
After discovery, Walton Dodge filed a motion for summary judgment on the contribution claim of Hodges Cash & Carry on the grounds that it was entitled to workers’ compensation immunity as the plaintiffs employer. The judge of the circuit court denied the motion for summary judgment. The issue presented for review is whether the trial court erred in denying the third-party defendant employer’s motion for summary judgment on the third-party plaintiffs contribution claim based on the employer’s immunity pursuant to Florida Statute 440.11(1) (1993).
We find that the trial court did err, and reverse and remand for the trial court to enter a summary judgment in favor of the third-party defendant, Walton Dodge.
Charlie DePauw sustained injuries when a metal pole he was holding contacted, or came close to, high-voltage power lines as he was standing on the raised bed of a scissors truck owned by the appellee, Hodges Cash & Carry. DePauw was attempting to place the metal pole inside an existing metal flag pole which was located on the premises of Walton Dodge automobile dealership. DePauw, an employee of Walton Dodge, was apparently being directed in this endeavor by James Pittman, another employee of Walton Dodge, and by Ernest Webb, a part owner of the Walton Dodge dealership.
Prior to the injury, the Walton Dodge employees, in an effort to figure out a way to place this metal pole inside the existing metal flagpole (apparently for the purpose of strengthening the flagpole), contacted the Chattahoochee Electric Company (CHEL-CO), requesting the use of a utility-owned bucket truck. CHELCO employees warned DePauw, Pittman, and Webb of the danger of such a maneuver because of the close proximity to high-voltage power lines, and refused to allow them to use CHELCO equipment for that purpose.
James Pittman contacted Hodges Cash & Cany to request the use of its scissors truck. Hodges Cash & Carry agreed, and brought its scissors truck to the premises of Walton Dodge. There the driver of the truck, a Hodges Cash & Cany employee, attempted to maneuver the truck into a position where DePauw, standing on the raised bed of the truck holding the 17-foot metal pole, could slide the pole inside the existing flagpole. During this attempt, DePauw was injured when the metal pole he was holding came into contact, or very close contact, with an uninsulated high-voltage power line.
DePauw sued Hodges Cash & Carry for negligence in the use of the scissors truck. Hodges Cash & Carry then brought a third-party complaint against Walton Dodge for contribution. The third-party defendant, Walton Dodge, moved for summary judgment on the ground that section 440.11(1) grants employers and supervisors immunity from tort actions for work-related injuries. The motion for summary judgment was denied.
In Eller v. Shova, 630 So.2d 537, 539 (Fla.1993), the supreme court restated the law concerning the liability of an employer for injuries suffered by an employee during the course of employment:
[Workers’ compensation is the exclusive remedy available to an injured employee as to any negligence on the part of that employee’s employer. § 440.11(1). When employers properly secure workers’ compensation coverage for their employees, employers are provided with immunity from suit by their employees so long as the employer has not engaged in any intentional act designed to result in or that is *829 substantially certain to result in injury or death to the employee.
(Emphasis added).
The third-party claim here was an action for contribution under the Uniform Contribution Among Tort-Feasors’ Act,, section 768.31(2)(a) (1993). That act provides for the right of contribution in favor of a tort-feasor who has paid more than his pro rata share of common liability. In Seaboard Coast Line Railroad Co. v. Smith, 359 So.2d 427 (Fla.1978), the supreme court approved the analysis of this court in United Gas Pipeline Co. v. Gulf Power Co., 334 So.2d 310 (Fla. 1st DCA 1976), cert. denied, 341 So.2d 1086 (Fla.1976), where we held that there is no right of contribution in favor of a third-party tort-feasor, because the workers’ compensation employer and the third person are not under a “common liability” to the injured person. See also Firestone Tire & Rubber v. Thompson Aircraft, 353 So.2d 137 (Fla. 3d DCA 1977). Section 440.11 precludes an employer from being designated a person “jointly or severally liable in tort for the same injury to person or property” as used in the contribution act. In Seaboard Coast Line Railroad Co., the supreme court found that “such ‘common liability’ cannot exist where the employer is immunized from liability by the compensation act for tort.” Id. at 429.
In State, DOT v. V.E. Whitehurst & Sons, 636 So.2d 101 (Fla. 1st DCA) rev. denied, 645 So.2d 456 (Fla.1994), this court dismissed a contribution claim by a third-party tort-fea-sor against an employer, finding the employer to be immune from liability under the Worker’s Compensation Act where the third-party complaint failed to allege all of the elements required for a cause of action for contribution in such cases — meaning that the third-party complaint did not allege acts which rose to the level of “intentional or virtual certainty of injury or death.” See id. at 105. In that case, this court recognized that a claim for contribution in favor of a third-party tort-feasor may exist only if the third-party tort-feasor breaches the employer’s immunity by showing a deliberate intent to injure or conduct which is certain to lead to injury or death.
In Whitehurst, this court went on to discuss the standard for deliberate intent, finding that “the standard requires more than a strong probability of injury. It requires virtual certainty.” Id. at 105 (citing Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879, 880 (Fla.1986)). In Whitehurst, this court also noted that the supreme court in Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 884 (Fla.1986), quoted with approval from Prosser & Keeton On Torts 36 (W. Keeton 5th ed.1984), as follows:
[T]he mere knowledge and appreciation of risk — something short of substantial certainty — is not intent. The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but is not an intentional wrong.
Fisher, supra at 884.
In Emergency One, Inc. v. Keffer, 652 So.2d 1233 (Fla. 1st DCA 1995), this court reviewed a nonfinal order denying defendant’s motion for summary judgment based on workers’ compensation immunity. In that claim, Ms. Keffer was a detailer of fire trucks who was expected to use a metal-banded detail brush and flammable lacquer thinner to clean places on the truck, including the battery compartment which held a live 24-volt battery. The battery emitted flammable hydrogen gas, and the employer was aware that metal arcs had extended from electrical sources to the metal-banded brushes in the past. The batteries had warnings of “explosive” and “no smoking,” and there were drums of lacquer thinner nearby marked “flammable.” The plaintiff had requested a plastic detail brush without metal, but had been refused by her supervisor because of the additional expense. Subsequently, Ms. Keffer was seriously injured in the process of detailing a battery case when the metal band on her paint brush caused an electrical arc which ignited the lacquer thinner.
Ms. Keffer sued her employer and her supervisor, alleging that they should have known to a virtual certainty that the batteries emitted flammable gas, that lacquer thinner used on the brushes was highly flamma *830 ble, that the metal-banded brushes would cause an arc from a live truck battery, and that it would set off a conflagration causing serious death or injury. This court held that an employer is immune from liability so long as the employer has not engaged in any intentional act designed to result in or that is substantially certain to result in injury or death to the employee. In Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla.1986), the supreme court stated,
[E]ven assuming that these allegations are true, Shenandoah’s failure to provide a safe work place or to follow OSHA guidelines does not constitute an intentional tort.
In Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879 (Fla.1986), the court held that an employee who had his hand crushed in a punch press did not demonstrate that the employer committed an intentional tort, although the employer disregarded safety warnings, failed to properly instruct employees on use of the machine, and removed safety features from the machine. The court said that while certain facts may demonstrate gross negligence, they did not exhibit a deliberate intent to injure or engage in conduct that is virtually certain to result in injury. The working conditions in the instant case are no more dangerous than in the cases just discussed in which the courts held that the workers’ compensation immunity applied.
Appellee primarily relies on Cunningham v. Anchor Hocking Corp., 558 So.2d 98 (Fla. 1st DCA) rev. denied, 574 So.2d 139 (Fla.1990), and Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla.1991), to support its argument for allowing a third-party claim against an employer despite an employer’s entitlement to workers’ compensation immunity. In Cunningham, the plaintiff had alleged an intentional tort based on the following facts: The employer had deliberately diverted a smoke stack so that dangerous fumes would flow into rather than outside of the building; the employer periodically turned off the ventilation system; the employer had removed the manufacturer’s warning labels on toxic substances; the employer misrepresented the toxic nature of the substances involved; the employer misrepresented the effectiveness of safety equipment and the danger involved; the employer provided inadequate safety equipment. In Connelly, which involved an airplane crash, the employer had misrepresented the ability of its aircraft to carry a certain amount of air freight and routinely overloaded its aircraft while misrepresenting its true weight. The employer performed flagrantly deficient maintenance on the airplane, routinely refusing to perform necessary maintenance unless the flight was inbound so that it could be performed more cheaply at the home base. The employer was aware that the aircraft was in disrepair and on the verge of a breakdown, and it intentionally failed to notify the crew of a defect discovered on the flight immediately preceding the flight in which it crashed.
In Emergency One discussed above, this court distinguished Cunningham and Con-nelly on their facts which indicate intentional deception or misrepresentation of danger:
It is particularly significant that both of those eases share the common thread of a strong indication to deceive or cover up the danger involved, so that the employees had no way to apprise themselves of the dangers involved and thereby make a reasoned judgment as to their course of action. In contrast, while in this case there is evidence of a dangerous work environment, there was no competent evidence to support a view of intentional misrepresentation of the dangers involved. Similarly, although there was an allegation that safety precautions were withheld, there was no evidence of a concerted intentional effort to do so.
In this case, there was no indication that the employer took any affirmative acts which would increase the risk of harm, or that the employer actively concealed known dangers from its employees. Indeed in this case, any danger was in plain view, and the employee was present at the time the employer was informed of the potential danger.
We, therefore, find that there is no evidence to support a finding that the employer engaged in an intentional act designed to
*831 result in, or that was substantially certain to result in, injury or death to the employee.[1] We, therefore, determine that the trial court wrongfully denied Walton Dodge’s motion for summary judgment.
VAN NORTWICK, J., concurs.
BENTON, J., dissents with written opinion.

. In light of our determination that clearly and conclusively there were no disputed issues of material fact and that the motion and order were based on the exclusivity provisions of § 440.11, Fla. Stat. (1993), we have jurisdiction to review this matter pursuant to rule 9.130(a)(3)(c)(iv), Fla. R.App. P., under either the test promulgated in Hastings v. Demming, - So.2d -, 21 Fla. L. Weekly D1756 (Fla. 2d DCA July 31, 1996), or the test promulgated in Breakers Palm Beach, Inc. v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994).