330 So.2d 757 (1976)
Ann R. AKINS and Richard Donald Akins, Appellants,
v.
HUDSON PULP & PAPER COMPANY, INC., a Corporation, et al., Appellees.
No. Z-344.
District Court of Appeal of Florida, First District.
April 23, 1976.
Rehearing Denied May 18, 1976.
John Sproull, of Harriett & Sproull, Palatha, for appellants.
Bruce S. Bullock and W. Douglas Childs, of Bullock, Sharp & Childs, Jacksonville, for appellees.
McCORD, Judge.
This is an appeal from a summary judgment in favor of appellees, Hudson Pulp and Paper Company, Inc. (hereafter referred to as Hudson); June Barkett, a registered nurse in the employ of Hudson and Employers Mutual Liability Insurance Company of Wisconsin, Hudson's insurance carrier. The suit was brought by appellant Ann Akins and her husband against appellees for damages allegedly suffered by Ann Akins when June Barkett allegedly treated a back injury which appellant had previously sustained and advised her to return to work. Appellant Richard Akins sued for loss of services of his wife, Ann, consortium and medical expenses. Prior to the suit, Ann Akins filed and litigated a *758 claim for compensation under the Workmen's Compensation Law, and appellees in their answer here asserted the affirmative defenses of res judicata and collateral estoppel, based upon the order of the Judge of Industrial Claims. An examination of that order reveals that appellant contended in that proceeding that she sustained a compensable accident on November 4, 1971, and she contended in the alternative that her employment aggravated a pre-existing condition. The Judge of Industrial Claims found that there was no accident arising out of and in the course of her employment which either caused or aggravated her injury. Had there been any such aggravation, it would have been compensable under the Workmen's Compensation Law. Howard v. Department of Public Safety, Fla., 187 So.2d 889 (1966); Victor Wine and Liquor, Inc. v. Beasley, Fla., 141 So.2d 581 (1961).
There is no dispute as to the material facts from the depositions on file and which were before the trial judge. It appears that before going to work on the morning of Thursday, November 4, 1971, Ann Akins coughed and felt an intense pain in her back down to her leg and toes. She went to work, however, where she worked as a bag-catcher, putting bundles of fifty paper sacks weighing approximately eight pounds per bundle into a bailer. At 11:10 a.m., she left the job and went to the first aid station manned by appellee Barkett, a registered nurse employed by Hudson. Ann Akins testified that nurse Barkett advised her the pain was due to a sciatic nerve which could only be relieved by soaking in a tub of hot water; that nurse Barkett also gave her two green pills and she then returned to work. She managed to complete her shift, went home, and went to bed. She called her regular doctor the next morning but could not get an appointment until the following Monday when she saw him and was hospitalized. Ultimately, it was determined that she had a ruptured disc. Appellee Barkett's affidavit averred that she did not recall appellant seeking treatment at the first aid station for industrial injuries on the date in question and there was no record thereof. She stated that it was the policy of the company to dispense mild analgesic preparations to employees suffering from nonwork-related disconfort; that one such preparation was a green and white tablet called Mentrax; that no records were kept of nonwork-related complaints.
Appellant Ann Akins as above stated had litigated this same claim against Hudson in an action before the Industrial Relations Commission under Chapter 440, Florida Statutes, the Workmen's Compensation Law. § 440.11(1), Florida Statutes, provides as follows:
"The liability of an employer ... shall be exclusive and in place of all other liability of such employer ... to the employee... ."
By the second amended complaint of appellants in this cause, appellants contend that nurse Barkett, and Hudson vicariously, in treating and prescribing for Ann Akins, were guilty of negligence in failing to use the care and skill that a registered nurse of ordinary skill and learning in Putnam County would have used by failing to refer her to a physician for more adequate diagnosis and care; by failing to prescribe bed-rest and limitation of her activities; by failing to counsel or advise her against continuing work at her place of employment and engaging in other physical activities that might aggravate the injury; by allowing and directing plaintiff to return to her work station and perform the requirements of her work until the end of the work shift on which she was presently engaged; and by failing to properly diagnose the seriousness of her injury. The complaint then in effect alleges that such negligence on the part of Hudson and nurse Barkett caused her subsequent pain and suffering, three back operations, medical expense and loss of earnings and earning capacity in the past and future.
*759 From appellant's own testimony it appears that she went home after her work shift, went to bed and called her doctor the following morning but could not get an appointment until the following Monday when she saw him and was hospitalized. She has shown nothing that nurse Barkett did which would have aggravated her pre-existing condition other than a contention that it was aggravated when, at nurse Barkett's direction, she returned to her employment after visiting the first aid station. This matter was litigated before the Judge of Industrial Claims and was adjudicated against her contention. No review of the judge's order was sought and it has become final. Section 440.11, Florida Statutes, and estoppel by judgment apply to bar this suit. In Gordon v. Gordon, Fla., 59 So.2d 40 (1952), the Supreme Court said:
"The difference which we consider exists between res adjudicata and estoppel by judgment is that under res adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues  that is to say points and questions  common to both causes of action and which were actually adjudicated in the prior litigation."
Although nurse Barkett was not a party to the action before the Industrial Relations Commission, that action involved the same claim that is here being made. As stated in 46 AmJur.2d, Judgments, Section 571:
"It is said that where the liability of a master is derivative, a judgment on the merits in favor of the servant from whom the liability is derived may be set up as a defense by the master, although he was not a party to the earlier action. Similarly, where suit is brought against an employer for the alleged wrong of an employee, it is held that a judgment on the merits for the employer bars an action against the employee, ..." (Emphasis supplied)
See also Annotation 31 A.L.R. 194.
Affirmed.
BOYER, C.J., and RAWLS, J., concur.