GRIMES, Judge.
This is an appeal from a $112,500 judgment for the plaintiff entered upon a jury verdict.
The plaintiff was injured in a one vehicle accident which occurred on March 30, 1982. At that time both parties were employed by Hutto Auto Sales, a used car dealer. Plaintiff was working as a lot boy and the defendant as a salesman. Lot boys were subject to the direction of the salesmen. Late in the afternoon, the lot owner instructed the defendant to transport a homemade dune buggy from the lot to an auto auction. The dune buggy had mechanical problems with the starter, the clutch and the brakes. In addition, the seats were not adjustable and the defendant had trouble reaching the pedals. Defendant asked the plaintiff to accompany him. As the plaintiff was getting into the passenger side of the vehicle, the defendant’s foot slipped off the clutch and the vehicle lurched forward. Before the defendant could bring the vehicle to a stop, the right rear wheel ran over the plaintiff’s legs causing injury to both his knees. There was some question as to whether the accident occurred before or after 6:00 p.m., the time the plaintiff was to get off work.
On December 6, 1982, the plaintiff filed a complaint alleging gross and culpable negligence on the part of the defendant. The defendant raised affirmative defenses of comparative negligence, failure to reach the no-fault threshold and immunity under the Workers’ Compensation Act. The trial began on March 2, 1984. At the close of the testimony, the court gave a peremptory instruction that the defendant was guilty of simple negligence. On a special verdict form, the jury determined that the defendant was not guilty of either gross negligence or culpable negligence. However, the jury found the defendant’s simple negligence to be a legal cause of the accident and assessed the plaintiff’s negligence at ten percent (10%) and the defendant’s negligence at ninety percent (90%). The total compensatory damages were set at $125,-000. In response to specific questions, the jury held that at the time of the accident, the defendant was acting in furtherance of his employer’s business but that the plaintiff was not acting in furtherance of his employer’s business. The court denied the defendant’s motion for new trial and entered a judgment against the defendant for $112,500.
The only serious issue pertains to the defendant’s claim for immunity under section 440.11(1), Florida Statutes (1981), which reads in part:
*811 (1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee_ The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer’s business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death....
Since the jury concluded that the defendant was guilty of neither gross negligence nor culpable negligence and that the defendant was acting in furtherance of the employer’s business when the accident occurred, the plaintiff’s right to recovery depends upon whether or not he was entitled to receive workers’ compensation benefits. At the trial, the defendant argued that this issue was resolved in his favor because the plaintiff had already collected workers’ compensation benefits as a result of the accident. The court refused to permit the defendant to make any mention of workers’ compensation to the-jury. Therefore, the defendant proffered testimony at the trial outside the presence of the jury that the plaintiff had received substantial workers’ compensation medical and wage benefits.[1] The plaintiff then proffered his own testimony, also outside the presence of the jury, that the signature which appears on the workers’ compensation application form dated April 1,1982, was not his and that he had not retained his attorney until September of 1982. His attorney stated that upon investigation he determined that the plaintiff’s accident was outside the scope of employment and that all workers’ compensation proceedings were then halted.[2] The court viewed the plaintiff’s receipt of workers’ compensation benefits as irrelevant.
At the hearing on the motion for new trial the defendant sought to introduce the plaintiff’s workers’ compensation file. The court refused to permit it to be placed into the record on the theory that it could have been offered at the trial. The defendant proffered that the file showed that the plaintiff had signed a claim form for wage loss benefits on November 12, 1982. He further proffered that the file contained a January 13, 1983, workers’ compensation order approving a stipulation of the same date between the plaintiff’s attorney and the carrier’s attorney in which it was agreed that the subject accident arose out of and in the course and scope of the plaintiff’s employment.
An employee’s pursuit of inconsistent remedies has been considered in several Florida cases. The mere filing of a workers’ compensation claim does not preclude an injured party from pursuing common law remedies. Williams v. Duggan, 153 So.2d 726 (Fla.1963). However, an employee who filed a workers’ compensation claim for injuries caused by an accident and who received compensation payments was held to have elected his remedy so as to preclude the prosecution of a later suit in which he alleged that his injuries did not result from an accident but rather from the willful and wanton negligence of his employer in failing to provide a safe place for him to work. Matthews v. G.S.P. Corp., 354 So.2d 1243 (Fla. 1st DCA 1978). See also Pearson v. Harris, 449 So.2d 339 (Fla. 1st DCA 1984), in which an injured worker *812 who had obtained a workers’ compensation adjudication that he was an employee was prevented from later asserting in a civil suit that he was an independent contractor. In Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1982), we held that an employee could not sue his employer for injuries allegedly caused by an intentional act after having successfully prosecuted a workers’ compensation claim in which he asserted that his injuries were sustained as a result of an accident. Our sister court ruled that an employee having demanded and received workers’ compensation benefits for injuries sustained in an accident was later estopped in a suit against his employer to deny that his injuries occurred while in the course and scope of his employment. Ferguson v. Elna Electric, Inc., 421 So.2d 805 (Fla. 3d DCA 1982).
There is a split decision which was rendered after this appeal was filed which lends support to the plaintiff’s position. In Velez v. Oxford Development Co., 457 So.2d 1388 (Fla. 3d DCA 1984), the court held that passive acceptance of workers’ compensation benefits does not prevent the employee from contending in a common law action against his employer that his injury occurred outside the scope of his employment. The court emphasized that the plaintiff never filed a claim and that his employer had voluntarily paid the benefits. Though unstated, the benefits paid in that case were obviously substantial. We can only speculate as to whether the court would have reached the same result if the benefits had exceeded $13,000.
In any event, we think it is safe to say that under Florida law when an employee receives benefits as a result of consciously prosecuting a workers’ compensation claim, he cannot later sue his employer upon a theory under which he would not be entitled to workers’ compensation. While each of the cases cited above involved the exclusive remedy of an employee against his employer, we believe this principle also applies to suits against a coemployee because section 440.11(1) extends the same immunity from liability enjoyed by an employer to each qualifying employee.
Applying this principle to the instant case, it is evident that if the plaintiff signed a claim form for wage benefits in November, 1982, and his attorney signed the proffered stipulation in January, 1983, the plaintiff should be precluded from contending in this action that he was not entitled to workers’ compensation. However, we are reluctant to render a judgment on this basis because neither of these documents has been filed, and they appear in this record only through the oral proffer of the defendant’s attorney. While the defense was late in presenting the workers’ compensation file, we believe that the court should have permitted its introduction at the hearing on the motion for new trial. The question of whether the plaintiff had elected his remedy or was estopped from contending that he was not entitled to receive workers’ compensation benefits was a question of law for the court to decide.[3] Although this decision could have been made before or at the trial, it became pivotal only when the jury foreclosed recovery on the issues of gross and culpable negligence and ruled that the defendant was acting in the furtherance of his employer’s business. Therefore, it makes little difference that the defendant did not offer the workers’ compensation file prior to the jury’s verdict. Moreover, in seeking to justify taking a position at the trial which might be contrary to the receipt of benefits, the plaintiffs attorney said that as soon as he realized that the plaintiff’s injuries were not job related, he did not further pursue the workers’ compensation remedy. He did not mention a stipulation purported *813 ly signed by him five months after being retained in which it was agreed that the plaintiff was injured on the job.
Under these circumstances, we hereby reverse the judgment and remand the case for the court to determine in light of all pertinent evidence whether the plaintiffs conduct with respect to workers’ compensation constituted an election of remedies or an estoppel. Depending upon its ruling, the court shall either reinstate the plaintiffs judgment or enter a judgment for the defendant.[4]
RYDER, C.J., and SCHOONOVER, J., concur.

. The notice filed by the workers’ compensation carrier reflects that as of March 12, 1984, plaintiff had been paid medical and wage benefits totalling $13,635.20.

. Because of the statutory exception to fellow employee immunity, there was no inconsistency in the plaintiff’s collecting workers' compensation benefits and at the same time suing his coemployee for gross or culpable negligence. In fact, the plaintiff first asserted his claim for simple negligence at the trial. Notwithstanding, since the defendant made no objection to the failure to plead simple negligence, we deem the claim to have been tried by consent. See Fla.R. Civ.P. 1.190(b).

. The court properly refused to permit the jury to hear evidence concerning workers’ compensation. § 627.7372, Fla.Stat. (1983). Kreitz v. Thomas, 422 So.2d 1051 (Fla. 4th DCA 1982). However, assuming the absence of an election or an estoppel, in order for the jury to decide whether the plaintiff was entitled to workers’ compensation benefits, the question which should have been asked was whether his injuries arose out of and in the course of his employment. § 440.09(1), Fla.Stat. (1981).

. The jury has resolved all other issues. The question posed by the special verdict with respect to whether the plaintiff was working in the furtherance of his employer’s business was not so different from the question which should have been asked as to require a new trial on that issue.