490 So.2d 188 (1986)
John FERRARO, Appellant,
v.
Robert MARR, Appellee.
No. 85-2121.
District Court of Appeal of Florida, Second District.
June 20, 1986.
Gary W. Nicholson of Carson, Guemmer and Nicholson, Tampa, for appellant.
James Breslin, St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
This is the second appearance of this case before this court. In the prior appeal, Ferraro v. Marr, 467 So.2d 809 (Fla. 2d DCA 1985), we reviewed a judgment awarding plaintiff Robert Marr damages for personal injuries he sustained as a result of the negligent operation of a motor vehicle by defendant John Ferraro, his fellow employee. The only serious issue raised in that appeal was whether the defendant was immune from suit because the plaintiff had received workers' compensation benefits from the insurance carrier for Hutto Auto Sales, the parties' employer. That issue is before us once again.
In the prior litigation, the trial judge refused to permit the defendant to mention workers' compensation benefits to the jury. Therefore, the defendant proffered evidence outside the jury's presence that the plaintiff had received such benefits. Plaintiff, in turn, proffered his own testimony that the signature on the workers' compensation application form was not his own. Moreover, plaintiff's attorney stated that when he determined plaintiff's accident occurred outside the scope of employment, the workers' compensation proceedings were halted. The jury concluded that at the time of the accident defendant was acting in furtherance of the employer's business but plaintiff was not. The jury also found that defendant's negligence was the legal cause of the accident. The trial court then entered final judgment against defendant. Ferraro, 467 So.2d at 810-811.
Defendant moved for a new trial. He sought to introduce plaintiff's workers' compensation file. The proffered file showed that the plaintiff had signed a workers' compensation claim for benefits form. The file also contained an order approving a stipulation between the plaintiff's attorney and the insurance carrier's counsel. This stipulation recited that the plaintiff's accident arose out of, and in the course and scope of, his employment. The *189 trial court refused defendant's request and denied the motion for new trial. Ferraro, 467 So.2d at 811.
In defendant's prior appeal, we reversed the judgment and remanded the case for the trial court "to determine in light of all pertinent evidence whether the plaintiff's conduct with respect to workers' compensation constituted an election of remedies or an estoppel." Ferraro, 467 So.2d at 813.
On remand, the trial judge conducted an evidentiary hearing. Plaintiff admitted he knowingly signed a claim for workers' compensation benefits despite his awareness that he was pursuing litigation against the defendant. Likewise, plaintiff's attorney acknowledged signing the above stipulation.
Despite the foregoing evidence, the trial judge concluded that the plaintiff's conduct did not constitute an election, nor was plaintiff estopped from contending he was not entitled to workers' compensation benefits. Thus, the judge reinstated the final judgment in favor of the plaintiff. This second appeal by defendant ensued.
As the basis for the decision, the trial judge reasoned that the "plaintiff's acceptance of Workers' Compensation benefits was a passive acceptance based on erroneous information supplied by his employer... ." Evidently, the judge was referring to a statement made by the owner of Hutto Auto Sales that the accident occurred at 5:30 p.m., which was one half hour before the plaintiff was scheduled to go off duty. However, the time when the accident took place was in doubt from the outset. Ferraro, 467 So.2d at 810. The used car manager, who was an eyewitness, said that the accident occurred at 7:00 p.m., and the records of the emergency medical service team indicated that the team received a call for assistance at 7:04 p.m.
Of course, the plaintiff himself could be expected to have some idea of when the accident happened. In the face of disputed evidence concerning whether the plaintiff's injuries arose out of or in the course of employment, the plaintiff and his attorney made a conscious choice to accept workers' compensation benefits.[1] The fact that the subsequent jury verdict supports the view that the accident actually happened after the plaintiff's working hours does not mean that the plaintiff or his attorney were misled by the car lot owner's statement.
In the previous appeal, we were reluctant to render a judgment on the basis of the claim for benefits form and the stipulation because those documents had not been properly filed in that appeal and they were before us only through the oral proffer of defendant's attorney. Ferraro, 467 So.2d at 812. Those documents are now part of the record. In view of the pertinent uncontradicted evidence of the plaintiff's application and receipt of workers' compensation benefits and his advised stipulation that the accident arose out of and in the course and scope of his employment, the trial judge erred in reinstating the plaintiff's judgment. See Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1982).
Accordingly, we reverse and remand for entry of a final judgment in defendant's favor.
DANAHY and FRANK, JJ., concur.
NOTES
[1] We note, however, there was no disavowal of the stipulation or tender of benefits received.