498 So.2d 573 (1986)
James LEWIS, Appellant,
v.
SIMS CRANE SERVICE, INC., Appellee.
GREENWICH, LTD., and Martin Margulies, Appellants,
v.
James LEWIS, Appellee.
Nos. 85-2244, 85-2603 and 85-2555.
District Court of Appeal of Florida, Third District.
December 2, 1986.
Rehearing Denied December 24, 1986.
*574 Keith Chasin, Lawrence & Daniels and Adam Lawrence, Miami, for James Lewis.
Blackwell, Walker, Fascell & Hoehl and James E. Tribble, Miami, for Greenwich, Ltd.
Martin Margulies, Kimbrell & Hamann and Humberto J. Pena and John W. Wylie, Miami, for Sims Crane Service, Inc.
Before BARKDULL, HENDRY and HUBBART, JJ.
BARKDULL, Judge.
The injury in the instant case occurred when the operator of a construction hoist, or elevator, exited the elevator cage when it was at ground level under an emergency situation and tripped and fell over a door which did not fully open.[1] This dangerous condition was known by the owner/general contractor, the principal of which had instructed that the hazard be removed or remedied prior to the injury.
The case was submitted to the jury on the following theories: first, failure to maintain the job site in a reasonably safe condition and second, that the hoist elevator was a dangerous instrumentality. The jury, on appropriate instructions for comparative negligence, returned a verdict in favor of the plaintiff, but found him 40% at fault. A final judgment was thereupon entered which is under review under appeal number 85-2555.[2]
On the appeal from the final judgment, the appellants, Greenwich, Ltd. and Margulies, urge error in the trial court's failing to direct a verdict on their behalf, and giving erroneous jury instructions as to duty of care and dangerous instrumentality.
The principal question in this appeal is whether the trial court erred in giving a jury instruction that the appellants, as owner/general contractor, had a duty to maintain a construction job site in a reasonably safe condition.[3] We find the instruction to have been proper. An owner/general contractor can be held liable for an injury on a construction job site and this liability does not depend upon active participation, See Atlantic Coast Development Corporation v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980); compare Cadillac Fairview of Florida, Inc. v. Cespedes, 468 So.2d 417 (Fla. 3d DCA 1985); Pearson v. Harris, 449 So.2d 339 (Fla. 1st DCA 1984), contrasted with a mere owner which does require active participation. Conklin v. Cohen, 287 So.2d 56 (Fla. 1973); Pearson v. Harris, supra; Van Ness v. Independent Construction Company, 392 So.2d 1017 (Fla. 5th DCA 1981). An owner/general contractor has the ultimate duty to maintain a construction site in a reasonably safe condition. Conklin v. Cohen, supra; Atlantic Coast Development Corporation v. Napoleon Steel Contractors, Inc., supra. This is true notwithstanding the fact that the owner/general contractor had contracted with another for the structural erection of the building, particularly when the owner/general contractor contracted with other entities relative to completion of the multistoried building and, in fact, paid the rent on the hoist which caused the injury. We therefore find no merit in the first point urged for reversal and no error in the denial of a directed verdict for Greenwich, *575 Ltd. and Margulies and in the instruction as given.
Turning to the second point, we find no error. It has been held that construction hoists are inherently dangerous instrumentalities. Channell v. Musselman Steel Fabricators, Inc., 224 So.2d 320 (Fla. 1969); Geffrey v. Langston Const. Co., 58 So.2d 698 (Fla. 1952); General Portland Land Development Company v. Stevens, 395 So.2d 1296 (Fla. 4th DCA 1981). The owner/general contractor had not only "pulled" the permit for the building, but had also "pulled" the permit for the hoist and therefore was responsible to see that it was constructed and operated in accordance with the applicable rules and regulations. See and compare Hunt v. Department of Professional Regulation, Construction Industry Licensing Board, 444 So.2d 997 (Fla. 1st DCA 1984); Biakowicz v. Pan American Condominium No. 3, Inc., 215 So.2d 767 (Fla. 3d DCA 1968). It was admitted in the instant case that several enforcement regulations were not complied with. It is contended that the hoist was not in operation at the time of the injury. We find this argument to be without merit. The injured person was the duly authorized operator, the injury occurred during working hours, he was in the cage and his responsibilities were to respond to any call to move men or equipment to various levels of the building under construction. But for the performance of his duties, he would not have been in the cage when the emergency arose and we find that under the circumstances at the time of his accident the elevator was in operation. Compare MacMillan v. Insurance Exchange Bldg., Inc., 58 So.2d 163 (Fla. 1952); Barrington v. State, 145 Fla. 61, 199 So. 320 (1941).
Therefore for the reasons above stated the appeal from the final judgment under review in Case No. 85-2555 is affirmed. Counsel having admitted at the time of oral argument that if final judgment was affirmed the other appeals should be dismissed as moot, we hereby dismiss appeals numbered 85-2244 and 85-2603.
Affirm as to 85-2555 and dismiss as to 85-2244 and 85-2603.
NOTES
[1] This construction hoist has two doors designed to open vertically. The upper door raises up to clear the cage and the lower door opens downward to a point where the entire door is supposed to clear the floor of the hoist.
[2] Prior to the trial beginning, a summary judgment had been rendered in favor of the defendants, Sims Crane Service, Inc. and Sims Hoist Service, Inc. The plaintiff has sought review thereof in Cases No. 85-2244 and 85-2603.
[3] "Now, I have determined and now instruct you as a matter of law that the circumstances at the time and place of the incident complained of were such that Greenwich Limited and Martin Margulies had a duty to maintain the premises in a reasonably safe condition."