PER CURIAM.
This is an appeal of the final judgment obtained by appellees.
We reverse on the authority of Akins v. Hudson Pulp & Paper Co., 330 So.2d 757 (Fla. 1st DCA 1976), cert. denied, 344 So.2d 323 (Fla.1977), and remand with instructions to enter final summary judgment for appellant.
Appellees Wilfranc and Marie Eugene initially filed a circuit court complaint which alleged that appellant’s negligence caused Mr. Eugene to be injured on the job. Without prejudice, the trial court granted appellant’s motion to dismiss. Appellees did not amend the complaint or appeal the order of dismissal, but instead Mr. Eugene chose to file a claim for worker’s compensation benefits. After final hearing, the deputy commissioner entered an order that appellee Mr. Eugene was not entitled to any benefits. He did not appeal the commissioner’s order. Appellees then filed a *970 second negligence complaint in circuit court. Appellant moved to dismiss the complaint on the grounds that the commissioner’s order barred the circuit court suit. The motion was granted, but this court reversed on the ground that the trial court went beyond the four corners of the complaint when it ruled on the motion.[1] On remand, appellant moved for summary judgment on the same grounds. The trial court denied the motion and the case proceeded to trial. The jury returned a verdict in favor of appellees.
Where a worker’s compensation matter is litigated before a deputy commissioner and adjudicated against a party’s contention, and that party does not seek review of the deputy commissioner’s order, the order becomes final and section 440.11, Florida Statutes and estoppel by judgment apply to bar suit in circuit court. Id. at 759.
REVERSED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN, POLEN and GARRETT, JJ., concur.

. Eugene v. Prestcon, Inc., 528 So.2d 1218 (Fla. 4th DCA 1988).