625 So.2d 950 (1993)
Donald Eugene GRIGGS, Appellant,
v.
Glenn RYDER, Individually and d/b/a Glenn Ryder Contracting, etc., et al., Appellees.
No. 92-1451.
District Court of Appeal of Florida, First District.
October 20, 1993.
Jason G. Reynolds, Daytona Beach and Geoffrey B. Dobson, St. Augustine, for appellant.
R. Daniel Noey, Jacksonville, for appellees.
LAWRENCE, Judge.
Donald Eugene Griggs (Griggs) was injured in a fall from the roof of a home under construction, in Jacksonville, on June 11, 1986. Griggs was working for subcontractor Ryder (who cannot be found); Ryder failed to secure workers' compensation insurance. Griggs' complaint against Robertson (aka Robinson) is based on negligent failure to maintain a safe work site, and negligent failure to require proof of workers' compensation insurance. Griggs' complaint alleges that Robertson individually and Robertson Construction Company acted in the dual capacity of owner and construction contractor on the home.
This court, in determining the correctness of a summary judgment, must accept the facts as pleaded. Elliott v. Dugger, 542 So.2d 392, 394 (Fla. 1st DCA 1989). Griggs alleged that Robertson is both contractor and owner of the work site where he was injured. Robertson did not answer; he *951 instead filed an affidavit that does not deny that he is the contractor.[1]
An owner who is also the general contractor can be held liable for an injury on a construction job site and this liability does not depend upon active participation. Lewis v. Sims Crane Serv., Inc., 498 So.2d 573, 574 (Fla. 3d DCA 1986) (citations omitted), review dismissed, 503 So.2d 327 (Fla. 1987). An owner who is also the general contractor has the ultimate duty to maintain a construction site in a reasonably safe condition. Id. A contractor also is liable for an unsafe work site if the construction activity is dangerous. See Peairs v. Florida Pub. Co., 132 So.2d 561 (Fla. 1st DCA 1961) (reversing directed verdict, remanding for new trial, and holding that employer of independent contractor could be liable where employer knew of dangerous situation and failed to correct it).
Section 440.10(1), Florida Statutes (1987), furthermore imposes a duty upon a contractor to secure workers' compensation, and imposes liability for payment of workers' compensation, if the subcontractor has not secured and paid compensation. It is undisputed that the subcontractor in the instant case neither secured nor paid workers' compensation.
The question whether Robertson is the contractor on the work site is material, and is in dispute. Accepting that Robertson is the contractor, as this court must do, the trial court erred in granting the motion for summary judgment. We therefore reverse and remand for consistent proceedings.
It is so ordered.
ERVIN, J., and SHIVERS, Senior Judge, concur.
NOTES
[1] Robertson's affidavit states that he "neither created, approved, or was aware of any dangerous condition" on the premises and that he "did not direct the work of [Griggs] or any other employee of Glenn Ryder Contracting on the date of the alleged injury or at any other time," and "did not interfere or meddle with the work of [Griggs] or any other employee of Glenn Ryder Contracting on the date of the alleged injury or at any other time." Robertson, in his affidavit, does not deny that he is the contractor.