645 So.2d 133 (1994)
Randall MICHAEL, Appellant,
v.
CENTEX-ROONEY CONSTRUCTION CO., INC., f/k/a Frank J. Rooney, Inc., a Florida corporation, and Regal Kitchens, Inc., a Florida corporation, Appellees.
No. 93-3459.
District Court of Appeal of Florida, Fourth District.
November 16, 1994.
*134 Jeffrey F. Mahl and Maureen M. Matheson of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for appellant.
Paul M. Woodson of James E. Glass Associates, Miami, for appellee-Centex-Rooney.
PER CURIAM.
We affirm the trial court's summary final judgment in favor of appellee and approve and adopt the following language from that judgment:
The project involved in this dispute is the "Island Dunes Oceanside Phase II", located in Jensen Beach, Martin County, Florida (the "Project"). Rooney was the general contractor on the Project and entered into a Subcontract and Purchase Order on or about September 2, 1988, with Regal Kitchens, Inc., ("Regal"), wherein Regal was to furnish and install kitchen cabinets, counter tops, pass-through counters, bathroom vanities, etc., at the Project.
Michael worked for Regal, performing cabinet installation at the Project. Michael claims that he was injured on or about August 15, 1989, while performing cabinet installation for Regal at the Project. Michael further claims to have tripped over a broken tape measure while carrying buckets of tools up a stairwell at the Project.
Michael filed a workers' compensation claim with Regal and its workers' compensation carrier, Hewitt Coleman & Associates, for compensation for the alleged injuries. Regal and its workers' compensation carrier initially rejected the workers' compensation claim filed by Michael, predicated on the basis that Michael was allegedly acting as an independent contractor at the Project and was not an employee of Regal. Michael then submitted his workers' compensation claim against Regal to the State of Florida, Department of Labor and Employment Security, Office of Judge of Compensation Claims.
On May 27, 1992, the Judge of Compensation Claims ruled that Michael was an independent contractor rather than an employee of Regal and further ruled that Michael was not entitled to workers' compensation benefits. Michael thereafter undertook an appeal regarding the decision of the Judge of Compensation Claims.
Subsequently to Michael filing an appeal, Michael, Regal and Regal's workers' compensation carrier reached a lump sum *135 settlement on Michael's workers' compensation claims and submitted a Joint Petition dated December 7, 1992, with an attached Affidavit from Michael dated December 3, 1992, to the Judge of Compensation Claims. Under the terms of the Joint Petition, Michael agreed to a lump sum settlement of Michael's workers' compensation claim in the amount of $6,500.00 in accordance with Florida Statu[t]es § 440.20(12)(b). Michael specifically acknowledged in the Joint Petition that the lump sum settlement constituted "full and final Discharge" of Regal and its workers' compensation carrier's responsibility for workers' compensation benefits. The Judge of Compensation Claims entered an Order on January 20, 1993, approving the Joint Petition for lump sum settlement.
Despite having received a lump sum workers' compensation settlement, Michael continues to pursue the instant litigation against Rooney.
... .
In this particular case, Michael clearly elected his remedy when he voluntarily accepted a settlement in the workers' compensation forum. That forum may, or may not, have afforded him a complete remedy for his unfortunate situation. Nonetheless, he affirmatively sought, and utilized it. He chose not to allow appellate consideration of a ruling adverse to him, but instead accepted the settlement benefits of a Chapter 440 case.
To allow continuation of a separate civil action in this Court for personal injuries under the circumstances existing in this case would clearly thwart the entire purpose for workers' compensation laws.
Nor, do I feel duty-bound to accept the decision of an administrative law judge as res judicata on the issue of employee status, where Michael himself did not accept it (as evidenced by his appeal) and then settled that issue by accepting the very same benefits he was originally seeking under Chapter 440.
In my opinion, Michael not only elected his remedies, but he accepted and received the benefits of that decision.
Where the injured party actively pursues and receives workers' compensation benefits, an election of remedies is found. See Mandico v. Taos Constr., Inc., 605 So.2d 850, 853 (Fla. 1992); Ferraro v. Marr, 490 So.2d 188 (Fla. 2d DCA), rev. denied, 496 So.2d 143 (Fla. 1986). On the other hand, where the injured party does not actively pursue such benefits, a factual determination is warranted regarding whether the injury was within the scope of employment. See Wishart v. Laidlaw Tree Serv., Inc., 573 So.2d 183 (Fla. 2d DCA 1991); Velez v. Oxford Dev. Co., 457 So.2d 1388 (Fla. 3d DCA 1984), rev. denied, 467 So.2d 1000 (Fla. 1985).[1]
The trial court's decision in this case is similar to the conclusion reached in a very short opinion by the third district based on an estoppel theory. See Ferguson v. Elna Elec., Inc., 421 So.2d 805 (Fla. 3d DCA 1982). The Ferguson court stated: "We affirm the summary judgment solely for the reason that appellant, having demanded and been paid workers' compensation benefits, was estopped to deny [in a tort action] that he was injured while in the course and scope of his *136 employment. We specifically do not decide, because it is unnecessary, whether [the claimant's injury in fact occurred during the course of his employment]." Id. at 806 (citation omitted).
Applying the Ferguson rationale to the immediate case, appellant's active pursuit and acceptance of the workers' compensation benefits makes it irrelevant whether appellant was actually an employee and entitled to benefits. Thus, it is irrelevant whether res judicata typically would apply on the issue of appellant's employee status.[2] This result is consistent with the case law discussed above which suggests that it is the active choice to pursue and accept benefits which determines whether an election has been made, not whether the benefits were "legitimately authorized." This also renders moot appellant's argument that the trial court erred in not conducting a full hearing on the issues of appellant's employee status and whether the accident occurred in the course and scope of his employment.
In sum, a fair and reasonable reading of the case law supports the trial court's conclusion that appellant's active choice to pursue and accept workers' compensation benefits constituted an election of remedies and, therefore, appellant's employee status was irrelevant. Therefore, the trial court did not err in granting summary judgment for appellee.[3]
HERSEY, GLICKSTEIN and KLEIN, JJ., concur.
NOTES
[1] Appellant relies upon the general proposition that where an employee is injured in the course and scope of employment, workers' compensation is the exclusive remedy of recovery. See § 440.11, Fla. Stat. (1987). Accordingly, appellant concludes, the election of remedies doctrine is inapplicable because there is only one viable avenue of recovery, i.e., workers' compensation. However, the general rule that workers' compensation provides an exclusive remedy presupposes that the injured party is an employee and that the injury occurred in the course and scope of employment.

The case law suggests that where employee status is disputed or where it is uncontested that the injured worker is not an employee, the injured party can make an election of remedies and bind himself to workers' compensation benefits. See, e.g., Mandico, 605 So.2d at 853; Ferraro, 490 So.2d at 189.
The cases relied upon by appellant are not factually on point because they do not present a fact pattern under which the plaintiff actively pursued and accepted workers' compensation benefits, as appellant did in negotiating a settlement and receiving benefits thereunder. See Escobar v. Bill Currie Ford, Inc., 247 So.2d 311 (Fla. 1971); Griggs v. Ryder, 625 So.2d 950 (Fla. 1st DCA 1993). Therefore, under the facts of these cases, it was improper to grant summary judgment where there were disputed factual issues.
[2] The immediate case is distinguishable from Akins v. Hudson Pulp & Paper Co., 330 So.2d 757 (Fla. 1st DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977), upon which appellant relies. In Akins, the court held that based on section 440.11, Florida Statutes, and principles of estoppel by judgment, the plaintiff's civil action was barred by the determination of the Judge of Industrial Claims that the plaintiff was not injured in the course of her employment. However, in Akins, as the court pointed out, no review of the judge's order had been sought. Furthermore, and perhaps more significantly, there is nothing to suggest that the plaintiff negotiated a settlement and accepted benefits after the compensation judge's ruling.
[3] Appellant's further argument, that he should be permitted to pursue his tort litigation and just deduct from any recovery the workers' compensation benefits he has received, is also misplaced. The case law does not establish that such a procedure is appropriate where appellant has elected workers' compensation as his remedy. Rather, such a procedure is appropriate where the plaintiff in the tort action did not elect to actively pursue workers' compensation benefits, but only passively accepted such benefits. See, e.g., Wishart, 573 So.2d at 184; Velez, 457 So.2d at 1390.