659 So.2d 1128 (1995)
Kathy L. THOMPSON, as Personal Representative of the Estate of Grant Charles Thompson, deceased, and for and on behalf of Jessica Thompson, Julie Thompson, Melissa Marie Thompson, surviving minor children of Grant Charles Thompson, and Kathy L. Thompson, individually, Appellant,
v.
COKER FUEL, INC., a Florida corporation, Jerry H. Melendy, Jr., Norman Smith and Leroy Brock, Appellees.
No. 94-02940.
District Court of Appeal of Florida, Second District.
July 28, 1995.
*1129 David H. Zoberg of Law Offices of David H. Zoberg, Miami, and Ariel E. Furst of Law Office of Ariel E. Furst, Miami, for appellants.
Randall M. Bolinger and Michael V. Hammond of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for appellee Coker Fuel.
Edwin J. Bradley of Miller and Olsen, Tampa, for appellees Melendy, Smith and Brock.
BLUE, Judge.
Kathy L. Thompson, as personal representative of the estate of Grant Charles Thompson (Thompson), individually, and on behalf of Thompson's three minor children, appeals an adverse summary judgment in a wrongful death action against Thompson's employer and three managerial co-employees. We affirm because the circuit court correctly determined that workers' compensation provides the sole remedy and bars the wrongful death action.
Section 440.11(1), Florida Statutes (1989), grants employers and supervisors immunity from tort actions for work-related injuries or death. Before an employer loses this statutory immunity, the employer must either exhibit a deliberate intent to injure or engage in conduct which is substantially certain to result in injury or death. See Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla. 1986). The 1988 amendment to this statute extended the same immunity to co-employees engaged in managerial or policymaking decisions. See Eller v. Shova, 630 So.2d 537 (Fla. 1993).
Thompson died while in the course and scope of his employment for Coker Fuel when he performed a "hot cut" on a propane gas line located in a shallow hole dug to uncover the gas line. (A "hot cut" occurs when a line carrying propane gas is cut while the gas continues to flow.) Thompson failed to cleanly cut the gas line and while attempting to complete the cut, propane gas filled the hole. Thompson was overcome by the gas, asphyxiated, and died.
The appellant alleged that Thompson's tragic death could have been averted had the employer and managerial co-employees provided and required Thompson to use existing safety methods, including an available gas cut-off valve. However, the test in *1130 determining whether workers' compensation immunity applies is not whether the death or injury was preventable. The circuit court applied the proper test when it determined that the record contained no evidence of the employer's or co-employees' intent to injure Thompson or engage in conduct substantially certain to result in Thompson's injury or death. Thompson's death was clearly not the expected or intended result in the hot cut procedure. The hot cut method of gas line repair was accepted and performed by the appellees, and had been performed thousands of times without the tragic result that occurred here.
We agree with the analysis of Judge Joanos in Emergency One, Inc. v. Keffer, 652 So.2d 1233 (Fla. 1st DCA 1995):
It is particularly significant that both of those cases[1] share the common thread of a strong indication to deceive or cover up the danger involved, so that the employees had no way to apprise themselves of the dangers involved and thereby make a reasoned judgment as to their course of action. In contrast, while in this case there is evidence of a dangerous work environment, there was no competent evidence to support a view of intentional misrepresentation of the dangers involved. Similarly, although there was an allegation that safety precautions were withheld, there was no evidence of a concerted intentional effort to do so.
652 So.2d at 1235 (footnote supplied).
Thompson was engaged in potentially dangerous work, but there is no evidence of the appellees' deception or intent to injure him. The result in this case conforms with the workers' compensation statutory scheme as interpreted by the Florida Supreme Court in Eller and Fisher, and accordingly, we affirm.
FRANK, A.C.J., and FULMER, J., concur.
NOTES
[1] Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA), review denied, 574 So.2d 139 (Fla. 1990), and Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), review denied, 581 So.2d 1307 (Fla. 1991).