LAZZARA, Judge.
The appellant, Dr. Chiang, seeks our review of the trial court’s order dismissing with prejudice his third-party contribution claim filed against Wildcat Groves, Inc. (Wildcat), Citrus Self-Insurers Fund (the Fund), and PCA Solutions, Inc. (PCA) (collectively the appellees) on the basis that the immunity provisions of Florida’s Workers’ Compensation Act insulated the appellees from “common liability” under Florida’s Uniform Contribution Against Tortfeasors Act.[1] For the reasons explained, we reverse and remand for further proceedings.
Dr. Chiang’s former patient, Walter Kitschke (Kitschke), sued him for medical malpractice arising out of medical treatment administered in connection with injuries sustained in an automobile accident occurring on November 29, 1990. In due course, Dr. Chiang filed a fourth amended third-party complaint against the appellees alleging that they breached certain duties of care involving Kitschke’s treatment which rendered them liable in contribution as joint tortfeasors for all or part of the damages which Kitschke may recover in the malpractice action. Dr. Chiang alleged the following factual scenario in support of his contribution claim.
On the day of the accident, Kitschke was employed by Wildcat which had workers’ compensation insurance coverage through the Fund with PCA as the servicing agent. Following the accident, the appellees undertook the responsibility of providing workers’ compensation benefits to Kitschke, including the furnishing of home health care services through a nursing agency. On January 18, 1991, however, the appellees ceased providing benefits to Kitschke because their investigation determined that Kitschke was traveling from home to a work site when he was involved in the automobile accident. They claimed, therefore, that based on section 440.092 Kitschke’s injuries were not suffered during the course of his employment and thus he was not entitled to workers’ compensation benefits.[2] In support of this claim, the appellees filed a “Notice of Denial” with the Florida Department of Labor and Employment Security, Division of Workers’ Compensation, pursuant to section 440.20(6), a copy of which was attached to the complaint.
After the termination of workers’ compensation benefits, however, the appellees and Kitschke entered into a settlement agreement pursuant to section 440.20(12)(b), which was later approved by a judge of compensa *1085 tion claims. A copy of this agreement was also attached to the complaint. It reflects, consistent with Dr. Chiang’s allegations, that Kitsehke and the appellees stipulated and agreed to the following pertinent facts: (1) that the appellees controverted the compens-ability of the workers’ compensation claim because Kitsehke was not injured during the-course of his employment; (2) that all the benefits paid to Kitsehke prior to the cessation of workers’ compensation benefits totaling $19,020.34 were gratuitous in nature and did not constitute benefits payable under Florida’s Workers’ Compensation Act; (3) that Kitsehke would return these previously paid benefits by subtracting them from the overall settlement amount of $265,870.34 to be paid by the appellees; (4) that the final settlement amount of $246,850 paid to Kitsehke represented the payment of benefits which he might have been entitled to under Florida’s Workers’ Compensation Act in the absence of the agreement; (5) that upon approval of the settlement agreement “a situation exist[ed], in which effectively [Kitsehke] was not provided with compensation or any other benefits under the Florida Workers’ Compensation Act;” and (6) that Kitsehke would voluntarily withdraw his previously filed claim for workers’ compensation benefits. The agreement also recited the significant stipulated fact that “[t]hrough the course of additional investigation and discovery, the position of the [appellees] that this was not a compensable claim was supported by the evidence and testimony obtained and the parties have determined that this claim is not compensable.” (Emphasis added.)
In light of these developments, Dr. Chiang specifically alleged that Kitsehke “was not in the course and scope of his employment at the time of the November 29, 1990 motor vehicle accident” and that the “the injuries suffered by [Kitsehke] as a result of the accident and the sequela therefrom are not compensable claims under the Florida Workers’ Compensation Act.” He further alleged that “[t]he monies paid to [Kitsehke] by Wildcat, the Fund and PCA, both prior to and after January 18, 1991, were gratuitous in nature and did not constitute workers’ compensation benefits.”
Given this factual scenario, Dr. Chiang asserted that Wildcat, the Fund, and PCA assumed a common law duty of care to Kitsch-ke which required them to act reasonably and with due regard for Kitschke’s health and well-being as a result of paying benefits in the absence of a statutory duty to do so. He further claimed that Wildcat, the Fund, and PCA breached this duty in two significant respects. First, they selected a home health care company which was incapable of delivering the care and treatment which Dr. Chiang ordered for Kitsehke. Second, their sudden and immediate cessation of benefits to Kitsehke occurred at a critical period of time in his recovery when he was in need of therapy and treatment for an infection. As a consequence of these negligent acts, Dr. Chiang alleged that Wildcat, the Fund, and PCA caused or contributed to the injuries (which included the amputation of a leg) which formed the basis of Kitschke’s malpractice action and that they were or may be liable to Dr. Chiang in contribution as joint tortfeasors for all or part of the damages which Kitsehke may recover against Dr. Chiang.
Dr. Chiang based his contribution claim on Florida’s Uniform Contribution Among Tortfeasors Act, section 768.31. Subsection (2)(a) of the act provides for a right of contribution among joint tortfeasors, a right which was generally unknown under the common law. See Westinghouse Elec. Corp. v. J.C. Penney Co., 166 So.2d 211, 214 (Fla. 1st DCA 1964). Subsection (2)(b) of the act provides that such a right “exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability ” and limits the tortfeasor’s total recovery “to the amount paid by him in excess of his pro rata share.” (Emphasis added.) As one court has explained, the purpose of the act is “to apportion the responsibility to pay innocent injured third parties between or among those causing the injury.” Paoli v. Shor, 345 So.2d 789, 790 (Fla. 4th DCA), approved, 353 So.2d 825 (Fla.1977).
The appellees responded by presenting a common argument to the trial court in support of dismissal of Dr. Chiang’s contribution claim. The sole thrust of their argument *1086 was that because Kitschke had elected the remedy of workers’ compensation benefits they were immunized from liability under the terms of section 440.11(1), which provides in pertinent part that “[t]he liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee.” (Emphasis added.)[3] They reasoned, therefore, that by virtue of this immunity they could not share a “common liability” with Dr. Chiang for Kitsehke’s injuries under section 768.31(2)(b). In support of their argument, the appellees relied principally on the cases of Michael v. Centex-Rooney Construction Co., 645 So.2d 133 (Fla. 4th DCA 1994), and State, Department of Transportation v. V.E. Whitehurst & Sons, Inc., 636 So.2d 101 (Fla. 1st DCA), review denied, 645 So.2d 456 (Fla.1994).[4]
The trial court accepted the appellees’ argument and rendered an order dismissing Dr. Chiang’s contribution claim with prejudice “based upon the issues of workers’ compensation immunity.” In doing so, it specifically cited to Michael and Whitehurst, as well as chapter 440 generally. Although we fully agree with the principles and results announced in those cases, which we will analyze below, nevertheless we conclude, based on the state of this record, that they do not control the disposition of this case and that the trial court erred in relying on them in support of dismissal.
In Michael, an injured worker had filed a workers’ compensation claim against a subcontractor and its insurance carrier as a result of suffering injuries in an alleged employment-related accident. The subcontractor and the carrier resisted the claim on the basis that the worker was an independent contractor at the time of the accident and not an employee of the subcontractor. A judge of compensation claims agreed with this contention and ruled that the worker was not entitled to workers’ compensation benefits. The worker appealed this determination but later dismissed the appeal after entering into a workers’ compensation lump sum settlement agreement with the subcontractor and the carrier in accord with section 440.20(12)(b). Subsequent to the settlement, the worker sued the subcontractor and its general contractor in tort for the same injuries. The trial court entered summary judgment against the worker based on the doctrine of election of remedies because it determined that the worker had clearly elected his remedy when he voluntarily accepted a settlement in the workers’ compensation forum.
In upholding the entry of summary judgment, the court in Michael relied on the well-established law of this state that when “the injured party effectively pursues and receives workers’ compensation benefits, an election of remedies is found” and that it is only when “the injured party does not actively pursue such benefits [that] a factual determination is warranted regarding whether the injury was within the scope of employment.” Id. at 135; see also Ferraro v. Marr, 467 So.2d 809, 812 (Fla. 2d DCA 1985) (when an employee receives benefits after consciously prosecuting a workers’ compensation claim, he cannot later sue his employer upon a theory under which he would not be entitled to workers’ compensation), appeal after remand, Ferraro v. Marr, 490 So.2d 188, 189 (Fla. 2d DCA) (uncontradicted evidence of injured employee’s application and receipt of workers’ compensation benefits and his advised stipulation in workers’ compensation case that accident occurred in the course of employment precluded employee from maintaining tort action against fellow employee), review denied, 496 So.2d 143 (Fla.1986).
*1087 In Whitehurst, the Department of Transportation was sued by one of Whitehurst’s employees as a result of injuries sustained while undisputably in the course of his employment. Whitehurst’s employee alleged that a department employee negligently struck him with a vehicle during a repaving project Whitehurst was performing for the department. The department brought a third-party contribution claim against White-hurst pursuant to section 768.31 alleging that Whitehurst was responsible for the injuries to its worker because “Whitehurst’s negligent acts ... were of a nature so substantially certain to result in injury that these acts amounted to gross negligence.” Id. at 103. The department alleged, therefore, that because of Whitehurst’s gross negligence it was “not immune from an action for contribution under Section 440.11, Florida Statutes, providing for the exclusive liability of an employer to an employee.” Id. The trial court dismissed the contribution claim with prejudice without explanation or comment.
In upholding the dismissal, the court in Whitehurst also relied on well-settled Florida law that to support an action for contribution under section 768.31(2)(a), the pleading must allege common liability but that such common liability cannot exist where the employer is immunized under section 440.11(1). Id. at 105; see also Seaboard Coast Line R.R. Co. v. Smith, 359 So.2d 427, 428-429 (Fla.1978) (holding that an employer is not liable to a third-party tortfeasor on account of injury or death to his employee because “common liability” under the Contribution Act cannot exist where the employer is immunized from liability under the Compensation Act for tort). The court in Whitehurst went on to observe that to overcome this immunity, “the complaint must allege ‘a deliberate intent to injure or ... conduct which is substantially certain to result in injury or death.’ ” Id. at 105 (quoting Lawton v. Alpine Engineered Prods., Inc., 498 So.2d 879, 880 (Fla.1986)). In the face of this standard, the court concluded in Whitehurst that because the department’s allegations did not “rise to the level of an intentional tort or virtual certainty of injury or death[,]” the complaint was insufficient to overcome Whi-tehurst’s immunity under section 440.11(1). Id. at 105.
Against this backdrop, we begin our resolution of this case by adhering to the fundamental principle that “[t]he function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action.” Connolly v. Sebeco, Inc., 89 So.2d 482, 484 (Fla.1956) (emphasis in original). Accordingly, in passing upon a motion to dismiss a court must assume that all facts alleged in the complaint are true. Id. We must also be guided by the basic precept that exhibits attached to a complaint become part of the complaint and must be considered in conjunction with its allegations in resolving a motion to dismiss. See, e.g., Dade County v. Harris, 90 So.2d 316, 318 (Fla.1956); Fla. R. Civ. P. 1.130(b).[5]
Measured against these legal standards, we conclude that Dr. Chiang’s third-party complaint more than adequately alleges a claim for contribution against the appel-lees. Assuming the truthfulness of its allegations and attached exhibits, the complaint clearly establishes that at the time of the accident Kitschke was not within the course and scope of his employment thus precluding the invocation of the immunity provisions of section 440.11(1) at this stage of the proceedings to bar Dr. Chiang’s contribution claim. Our conclusion flows from our decision in Wishart v. Laidlaw Tree Service, Inc., 573 So.2d 183 (Fla. 2d DCA 1991). In that case, we restated the fundamental proposition embodied in section 440.11 that. “[w]here an injury is suffered in the course and scope of employment, workers’ compensation is the *1088 exclusive remedy for recovery against the employer.” Id. at 184. We held, however, in reliance on section 440.09(1), that “[tjhat remedy is not available where an injury is suffered outside the course of employment.” Id.[6]; see also Velez v. Oxford Dev. Co., 457 So.2d 1388, 1389 (Fla. 3d DCA 1984) (cited in Wishart in support of the same propositions), review denied, 467 So.2d 1000 (Fla.1985).
In line with this conclusion, we must necessarily reject the appellees’ argument that under Whitehurst the only circumstance in which a third-party contribution claim against an employer will lie so as to overcome the immunity provided in section 440.11(1) is if the third-party tortfeasor alleges that the employer either exhibited a deliberate intent to injure the employee or engaged in conduct which was substantially certain to result in injury or death to the employee. Clearly, under the rationale of Wishart and Velez, an allegation by a third-party tortfeasor that the employee’s injury or death did not occur within the course and scope of employment would be sufficient to state a cause of action in contribution because such an allegation, if true, would preclude the application of the exclusive remedy of workers’ compensation found in section 440.11(1). Accordingly, if a third-party tort-feasor can legally circumvent the immunity provisions of section 440.11(1) and establish an employer’s “common liability” for contribution under section 768.31(2)(b) by sufficiently alleging that an employer’s acts resulting in injury to an employee during the course of employment rose to the level of an intentional tort or virtual certainty of injury or death as required by Whitehurst, we see no logical reason why such a tortfeasor cannot accomplish the same result by sufficiently alleging that an employee’s injuries did not arise out of and in the course of employment consistent with the principles of Wishart and Velez.
Furthermore, in our view, the result reached in Whitehurst must be analyzed within the specific factual context of that case. As noted, the Department of Transportation’s attempt to overcome the employer’s immunity established by section 440.11(1) was based on a theory that the employer exhibited acts of gross negligence resulting in injury to the employee while the employee was clearly engaged in work-related activities and not on a theory that the injury did not occur within the course of employment, an approach which Dr. Chiang has used in this case. Viewed from this perspective, the court in Whitehurst did nothing more than follow the established precedent that before an employer loses workers’ compensation immunity “from tort actions for work-related injuries or death [,]” the employer must either “exhibit a deliberate intent to injure or engage in conduct which is substantially certain to result in injury or death.” Thompson v. Coker Fuel, Inc., 659 So.2d 1128, 1129 (Fla. 2d DCA 1995) (citing Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla.1986)), review denied, 668 So.2d 604 (Fla.1996) (emphasis added).
Accordingly, when Whitehurst’s holding is analyzed in its proper context, it does not conflict with the result we reach in this case because the court in Whitehurst was not faced with an allegation in the department’s complaint, as we are in Dr. Chiang’s complaint, that the injuries suffered by the employee were not “work-related.”[7] We conclude, therefore, in line with Dr. Chiang’s argument, that Whitehurst does not govern the disposition of this case because the court in that case held only that where an employee suffers an injury in the course of employ- *1089 merit, a third-party contribution claim against an employer must include allegations rising to the level of the commission of an intentional tort against the employee.
We note, of course, that the appellees have available to them the right to plead and prove through the affirmative defense of workers’ compensation immunity that Kitsch-ke was injured during the course of his employment. See, e.g., Walker v. I.T.D. Indus., Inc., 437 So.2d 230 (Fla. 2d DCA 1983). If they are successful in this endeavor, they will then be able to insulate themselves from the “common liability” provisions of section 768.31(2)(b).
In deciding this case, we have been mindful of the doctrine of election of remedies as applied within the workers’ compensation arena as discussed in Michael. We have also considered the allegations and exhibits of Dr. Chiang’s complaint which reflect that Kitsch-ke may have made such an election. These factors, however, do not alter our conclusion that the trial court erred in dismissing the contribution claim with prejudice.
As previously noted, the doctrine of election of remedies forecloses an employee from later suing an employer in tort after the employee actively pursues and receives workers’ compensation benefits. See Mandico v. Taos Constr., Inc., 605 So.2d 850 (Fla.1992); Lowry v. Logan, 650 So.2d 653 (Fla. 1st DCA), review denied, 659 So.2d 1087 (Fla. 1995); see also Matthews v. G.S.P. Corp., 354 So.2d 1243, 1244 (Fla. 1st DCA 1978) (provisions of workers’ compensation act may not be accepted and then repudiated by an employee). In this ease, we are clearly not confronted with a fact pattern in which an employee is alleging a cause of action in tort against an employer after claiming and receiving workers’ compensation benefits. Moreover, Dr. Chiang’s complaint and attached exhibits raise a serious question of as to whether Kitsehke’s election actually resulted in the receipt of statutorily required workers’ compensation benefits from the ap-pellees.
Furthermore, as can be easily gleaned from the complaint and its exhibits, Dr. Chiang was not a party to the workers’ compensation proceeding or the settlement agreement which was approved by the judge of compensation claims. Accordingly, he cannot be bound by, nor have his interests affected by, what transpired in those proceedings in terms of Kitschke’s election of remedies. See Security Professionals, Inc. v. Segall, 685 So.2d 1381, 1383 (Fla. 4th DCA) (as a general rule, parties not included in a stipulation for settlement cannot be bound by its provisions), review denied, 700 So.2d 687 (Fla.1997); Provident Life and Accident Ins. Co. v. Prichard, 636 So.2d 731, 735 (Fla. 4th DCA 1993) (judgment and satisfaction which does not include a party is ineffective as to its interests); HCA Health Servs. of Florida, Inc. v. Ratican, 475 So.2d 981, 982 (Fla. 3d DCA 1985) (an order is not binding on an entity which has not been made a party to the proceedings); General Am. Ins. Co. v. Yambo, 428 So.2d 300, 301 (Fla. 3d DCA) (order of judge of industrial claims approving workers’ compensation settlement could not act as collateral estoppel regarding issue of whether employee was injured in course of employment in lawsuit between health insurance carrier and employee), review denied, 438 So.2d 835 (Fla. 1983); cf. Hotelerama Assocs., Ltd. v. Wilcox, 593 So.2d 532 (Fla. 3d DCA) (findings of fact entered in workers’ compensation proceeding not binding on jury in later civil suit for fraud brought by employee against employer), review denied, 602 So.2d 943 (Fla.1992). Moreover,. there is nothing in the complaint or its attachments indicating that the alleged liability of the appellees to Dr. Chiang was, as a matter of law, subsumed within or extinguished by the settlement of Kitsehke’s workers’ compensation claim. See Segall, 685 So.2d at 1383.
It may very well come to pass that the appellees will be able to establish that Kitschke was in fact injured in the course of his employment, notwithstanding the contrary position they espoused in the workers’ compensation proceeding. If so, they would then be entitled to immunity under the provisions of section 440.11(1) and Dr. Chiang would be precluded from seeking contribution from them as joint tortfeasors under section 768.31(2)(b) because of the absence of “common liability” engendered by such im *1090 munity. Given the state of this record, however, and based on the legal premise that the issue of whether an employee’s injuries arose out of and in the course of employment is ordinarily a question of fact, see, e.g., Grady v. Humana, Inc., 449 So.2d 984, 985 (Fla. 1st DCA 1984), we are compelled at this juncture of the proceedings to reverse the trial court’s order of dismissal with prejudice, reinstate Dr. Chiang’s third-party complaint for contribution against Wildcat, the Fund, and PCA, and remand for further proceedings.
Reversed and remanded for further proceedings.
ALTENBERND, A.C.J., and WHATLEY, J., concur.

. Because, as will be noted, the accident which is at the center of this appeal occurred in November of 1990, we use the applicable provisions of the 1990 version of the workers' compensation law, see chapter 440, Florida Statutes (Supp. 1990), and the 1989 version of the contribution act, see section 768.31, Florida Statutes (1989), as the bases for our opinion.

. Section 440.092(2), styled "Going or Coming,” provides that "[a]n injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer."

. The Fund, as the workers’ compensation carrier, and PCA, as the servicing agent, enjoy the same immunity from liability as does the employer Wildcat. See § 440.11(3).

. We note that the appellees did not directly attack Dr. Chiang’s theory of liability premised on their gratuitous assumption of a common law duty of care to Kitschke. See, e.g., Parrotino v. City of Jacksonville, 612 So.2d 586, 589 (Fla. 1st DCA 1992), gnashed on other grounds, 628 So.2d 1097 (Fla.1993); Blackmon v. Nelson, Hesse, Cyril, Weber & Sparrow, 419 So.2d 405, 406 (Fla. 2d DCA 1982); Restatement (Second) of Torts § 323 (1965). Accordingly, we do not address the sufficiency of the complaint’s allegations to state such a cause of action.

. Although we are authorized under this standard to consider the settlement agreement between the appellees and Kitschke in deciding this case, we do not decide whether the agreement would be admissible at any trial of Dr. Chiang’s contribution claim because that issue is not before us. That issue must be determined by the trial court in accord with the relevant provisions of Florida's Evidence Code, including section 90.408, Florida Statutes (1995), governing the admissibility of compromises and offers to compromise, as well as relevant case law interpreting that section. See, e.g., Ritter v. Ritter, 690 So.2d 1372, 1376 (Fla. 2d DCA 1997); Rease v. Anheuser-Busch, Inc., 644 So.2d 1383, 1388 (Fla. 1st DCA 1994).

. Section 440.09(1) styled "Coverage” provides in part that "[c]ompensation shall be payable under this chapter in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment.” (Emphasis added.)

. We are also not in conflict with Seaboard Coast Line Railroad Co. v. Smith, 359 So.2d 427 (Fla.1978), relied on in State, Department of Transportation v. V.E. Whitehurst & Sons, Inc., 636 So.2d 101, 105 (Fla. 1st DCA), review denied, 645 So.2d 456 (Fla. 1994), for the proposition that "common liability" for a third-party contribution claim cannot exist under section 768.31 (2)(a) where the employer is immunized under section 440.11(1). In Smith, the brief facts cited in the opinion clearly reflect that the employees sustained their injuries while in the course of their employment. Thus, the supreme court’s holding in Smith must also be viewed within the factual context of that case.